431 So.2d 491 (1983)
Dewitt ARENDER, Mary Regina Arender and Dewey Russell Arender
v.
SMITH COUNTY HOSPITAL, William D. Owen, M.D., and Joyce McMillan, R.N.
No. 54149.
Supreme Court of Mississippi.
May 18, 1983.
*492 Bruce B. Smith, Magee, for appellants.
Upshaw & Ladner, Heber Ladner, Jr., Chris J. Walker, Wise, Carter, Child & Caraway, George Q. Evans, Douglas E. Levanway, Jackson, for appellees.
Before WALKER, P.J., and ROY NOBLE LEE and HAWKINS, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Circuit Court of Smith County wherein an action brought under the Mississippi wrongful death statute, Mississippi Code Annotated section 11-7-13 (Supp. 1982) was dismissed with prejudice as barred under Mississippi Code Annotated section 15-1-49 (1972), the statute of limitations. Having perfected their appeal to this Court, appellants assert the lower court erred in holding the six-year statute of limitations applied to all appellants, two of whom were minors at the time the cause of action accrued. We affirm.
In December 1974, Mary E. Arender, wife of Dewitt Arender and the mother of Mary Regina, age 11, and Dewey, age 7, was admitted to the Smith County Hospital under the care of Dr. Owen and Nurse McMillan. Approximately six days following her admittance Mrs. Arender died.
On November 24, 1981, the appellants filed their joint declaration against appellees seeking $500,000.00 compensatory damages and $200,000.00 punitive damages resulting from the negligent acts of appellees during treatment of Mary E. Arender while a patient in the Smith County Hospital. In the nature of a plea in bar each appellee successfully raised the six-year statute of limitations, section 15-1-49, as barring appellants' cause of action and their motion to dismiss with prejudice was sustained.
At the time the Arenders filed suit against the appellees, there was not a special statutory limitation, independent of the general statute of limitations, section 15-1-49, as to the time an action for wrongful death must be brought. In March 1908, the legislature removed the one-year limitation and since that time all such actions have been governed by the six-year statute.[1] As a general rule, relief from the provisions of a statute of limitations on account of disability will not be granted unless it contains a savings clause. See Bryant v. Associates Discount Corporation, 251 Miss. 1, 167 So.2d 657 (1964).
The appellants contend the time for bringing a wrongful death action, which is limited under section 15-1-49, is also subject to the savings statute, Mississippi Code Annotated section 15-1-59 (1972) found within the same chapter which states:
If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed. However, the saving in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one years.
The above statute specifically reserves the tolling of the limitation period to those personal actions mentioned within the chapter of which the wrongful death act is not one.
In the early case of Foster v. Yazoo & M.V.R. Co., 72 Miss. 886, 18 So. 380 (1895), we held the language "any of the personal actions before mentioned" within Mississippi Code Annotated section 2746 (1892), the predecessor of section 15-1-59, must be held to apply to those actions mentioned within that chapter. We further stated:

*493 Considerations suggested by the manifest hardship of the instance are proper to be addressed to the legislative branch of the government, but cannot influence a court to infringe the general rule. It is to be said, too, as well put in the Kentucky case, that the nature of the cause of action is such that it is in the interest of a sound public policy that the right to sue should be limited to some short period as against all parties. However deeply regretting, therefore, the seeming hardness of the precedent, we must not permit that hardness to betray us into bad law. (18 So. at 381).
Section 15-1-59 therefore does not apply to an action for wrongful death. Furthermore, where a statute does not provide for a savings clause, this Court is without the right to engraft such an exception upon it. See Gulf & S.I.R. Co. v. Bradley, 110 Miss. 152, 69 So. 666 (1950).
The Mississippi statute allowing for the recovery for the wrongful death of a spouse or a parent is Mississippi Code Annotated section 11-7-13 (Supp. 1982) which reads, in pertinent part:
The action for such damages may be brought in the name of the personal representative of the deceased person for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in the suit, and there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits. In such action the party or parties suing shall recover such damages as the jury may determine to be just, taking into consideration all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit.
Appellants contend that it is unfair to deny a surviving minor the right to bring suit for the loss of a parent where the surviving parent fails to timely file suit. The statute itself states, "... there shall be but one (1) suit for the same death." The limitation on the number of suits is without exception. Mr. Arender was under no disability during the limitation period, yet he and the children filed their joint action against appellees almost seven years after the cause of action accrued. Where one of the parties to a joint action is of age when the cause of action accrues, the statute of limitations runs against all and when one is barred, all are barred. Cf. Stauffer v. British & A. Mortgage Co., 77 Miss. 127, 25 So. 299 (1899). Even if there had been a savings in favor of the children, there being but a single cause of action, such savings would operate in their favor only when there was no person in esse who could sue on their behalf. Mr. Arender was that person in esse who had the right to file suit during the six-year period after Mrs. Arender's death.
The following quote is especially appropriate with regard to the circumstances of the instant case:
Certainly, the legislature never intended that actions of this character might be brought 20 years after the accrual of the right,  when "Some are in the church-yard laid; some sleep beneath the sea."  although during all that time a person was in esse, and laboring under no disability, who could have sued upon the single cause of action, and recovered all that the law allowed.
... .
When Sanders was killed, the wrong was done. When the administrator qualified, there was a person in esse who had the right to sue for and recover and receive the entire damages, leaving no longer in existence the cause of action. The statute then began to run, not only against him, but against the cause of action. The statutory saving on behalf of *494 the infant is only intended to apply where there is no one in being who has power to sue. Unless this construction be given to it, the statute of limitations is not one of repose, as the cause of action may be kept alive for over 20 years, although there is one in being, during the entire time, who has the right to sue. Indeed, the infant may be directly interested in the suit, by the administrator. If the estate be indebted, it would perhaps redound more to his interest to sue in his own name; but this would only be a difference in degree of interest.
The statute of limitations does not look to the character of the plaintiff, but to the nature of the action. This is not so as to a saving clause. It contemplates the person, and not the action. The claim to exemption is against the current of the law, and not co-extensive with its effective provisions. In a case of doubt, therefore, the presumption is against one claiming the exemption. The savings of the statute are not to be as liberally construed as its effective provisions, because they are designed to put an end to strife and litigation, and tend to the security of all men. (Louisville & N.R. Co. v. Sanders, 86 Ky. 259, 5 S.W. 563, 564-65 (1887)).
At the time the Arenders brought suit, beyond the limitation period, there was no applicable savings in favor of the children to toll the running of the statute of limitations. Although the result may seem harsh, we are obligated to uphold the express terms of sections 11-7-13 and 15-1-59. However, we emphasize that this case only deals with the limitation of actions with respect to wrongful death cases (section 11-7-13), and not to any other type of action. The holding of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] Mississippi Code Annotated section 15-1-36 (Supp. 1982), effective July 1, 1979, provides a two-year statute of limitations applicable to medical or pharmaceutical malpractice cases and also a savings clause. The limitation as to licensed physicians, hospitals, and nurses applies only to actions, the cause of which accrued on or after July 1, 1976.