# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-00916-SCT

*BEVERLY W. MARCUM AND BENNIE MARCUM, INDIVIDUALLY AND AS THE NATURAL GUARDIANS OF LEE ANN MARCUM, A MINOR*

*v.*

*HANCOCK COUNTY SCHOOL DISTRICT*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/11/97 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | JAMES K. WETZEL |
| ATTORNEY FOR APPELLEE: | ALBEN N. HOPKINS |
| | THOMAS A. WALLER |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 6/3/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/24/99 |

**EN BANC.**

**MILLS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. This case arose out of a negligence action brought against the Hancock County School District (hereinafter "District"), in response to an accident that allegedly occurred on April 3, 1995. Lee Ann Marcum (hereinafter "Marcum"), claimed that she was injured while riding in a Hancock County school bus. Marcum complained that she suffered a back injury when the bus driver, suddenly and without warning, slammed on the brakes.

¶2. Marcum, then a seventeen-year-old minor, filed suit against the District by and through her parents Beverly and Bennie Marcum. The complaint was filed in the Circuit Court of Hancock County, Mississippi on January 2, 1997, approximately one (1) year and nine (9) months after the alleged accident.

¶3. In response, the District filed a motion to dismiss pursuant to M.R.C.P. 12(b)(6). The District argued that the suit against it was barred by the one (1) year statute of limitations contained in the Mississippi Tort

Claims Act found in Miss. Code. Ann. §§ 11-46-1 to -23 (Supp. 1998) (hereinafter "MTCA"), which governs claims brought against the State of Mississippi and its political subdivisions. Marcum asserted that the statute of limitations was tolled due to her disability of infancy as prescribed by the minor savings clause of Miss. Code Ann. § 15-1-59 (1995).

¶4. On July 11, 1997, the circuit court granted the District's motion to dismiss holding that Marcum's lawsuit was barred by the one (1) year statute of limitations. It is from that order that Marcum appeals to this Court raising the following issues:

> **I. THE CIRCUIT COURT ERRED AS A MATTER OF LAW IN HOLDING THAT MARCUM'S CAUSE OF ACTION WAS BARRED BY THE ONE YEAR STATUTE OF LIMITATIONS EXPRESSED IN § 11-46-11.**
>
> **II. THE CIRCUIT JUDGE ERRED AS A MATTER OF LAW IN DISMISSING MARCUM'S CAUSE OF ACTION.**
>
> **III. THE MISSISSIPPI TORT CLAIMS ACT IS UNCONSTITUTIONAL AS IT VIOLATES THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION AND DISCRIMINATES AGAINST THE INDIVIDUALS IN THE STATE OF MISSISSIPPI.**
>
> **IV. SECTION 11-46-11 IS UNCONSTITUTIONAL AS IT VIOLATES THE EQUAL PROTECTION RIGHTS OF MINORS.**

¶5. We find that these claims are without merit and should be denied accordingly. The MTCA's one (1) year statute of limitations is the exclusive timing mechanism to be applied to any claim brought under the Act. Further, the minor savings clause in § 15-1-59 only applies to the actions contained in that chapter and does not pertain to the MTCA. Finally, the issue concerning the MTCA's constitutionality was not raised in the lower court and therefore, was not preserved for appeal by Marcum. Thus, the lower court's dismissal of Marcum's claim due to the expiration of the one (1) year statute of limitations was proper and is affirmed.

## STATEMENT OF FACTS

¶6. On the afternoon of April 3, 1995, Marcum was a passenger on a Hancock County school bus traveling home from school. Marcum claimed that at approximately 3:15 p.m., the driver of the school bus, suddenly and without warning, slammed on her brakes, causing a back injury to Marcum. At the time of the accident and when the complaint was filed, Marcum was a minor.

¶7. Due to Marcum's continued infancy, her parents brought a negligence action on her behalf in January of 1997 to recover damages from the District for injuries suffered during the alleged accident. The District filed a motion to dismiss arguing that the applicable one (1) year statute of limitations had expired. Marcum countered that the statute of limitations was tolled due to her disability of infancy.

¶8. The circuit court granted the District's motion to dismiss, holding that the statute of limitations contained in Miss. Code Ann. § 11-46-11 superseded the infancy tolling requirement under Miss. Code Ann. § 15-1-59. From that ruling, Marcum brings her appeal before this Court.

## DISCUSSION OF THE ISSUES

**I. THE CIRCUIT COURT ERRED AS A MATTER OF LAW IN HOLDING THAT MARCUM'S CAUSE OF ACTION WAS BARRED BY THE ONE YEAR STATUTE OF LIMITATIONS EXPRESSED IN § 11-46-11.**

¶9. Marcum's first argument is that the Mississippi Tort Claims Act's one (1) year statute of limitations expressed in Miss. Code Ann.§ 11-46-11 (Supp. 1998), is tolled by the "minor savings clause" of Miss. Code Ann. § 15-1-59 (1995), until the minor achieves majority. There is no dispute by either party that this claim is subject to the MTCA as the District is a political subdivision of the State of Mississippi.

¶10. The MTCA was enacted in 1993 to create a limited waiver of immunity for the State and its political subdivisions. *See* Miss. Code Ann. §§ 11-46-1 to -23 (Supp. 1998). The immunity is provided as to specific claims within a specific period of time with a substantial limitation on the amount of damages that can be recovered. *Id.* We recognized in *City of Jackson v. Lumpkin* that "[t]he Legislature elected to waive sovereign immunity to a large extent in the Tort Claims Act statutes, but it saw fit to qualify this waiver with a number of procedural requirements which, it is logical to conclude, must be complied with for this waiver to take effect." *City of Jackson v. Lumpkin*, 697 So. 2d 1179, 1181 (Miss. 1997) *overruled on other grounds*, *Carr v. Town on Shubuta*, No. 96-CT-1266-SCT, 1999 WL 62772, at *2 & *6 (Miss. Feb. 11, 1999).

¶11. As stated above, a procedural stricture mandated by the MTCA is a one (1) year statute of limitations provision in § 11-46-11 which reads in relevant part:

> (3) All actions brought under the provisions of this chapter **shall be commenced within one (1) year** next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days. **The limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under provisions of this chapter**, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

Miss. Code Ann. § 11-46-11 (Supp. 1998)[1] (emphasis added). It is obvious that the Legislature intended the MTCA's one (1) year statute of limitations to be the controlling measure of time applied to any actions brought under the Act. The statute's use of the word "shall" represents a firm mandate and unambiguously closes the door of interpretation concerning which statute of limitations applies to the MTCA.

¶12. Marcum contends that the MTCA's one (1) year statute of limitations is superseded by the minor savings clause of § 15-1-59 which states the following:

> If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions *within the times in this chapter respectively limited*, after his disability shall be removed as provided by law. . . .

Miss. Code Ann. § 15-1-59 (1995)(emphasis added).

¶13. In ***Cole v. State***, 608 So. 2d 1313 (Miss. 1992), a prison inmate argued that his alleged incompetence tolled the three (3) year statute of limitations under the Mississippi Uniform Post-Conviction Collateral Relief Act. We held that "[t]he savings clause in § 15-1-59 applies only to actions mentioned in Chapter 1, Title 15 of the Mississippi Code. . . ." ***Cole***, 608 So. 2d at 1316. We added that, "we have clearly held so on at least two occasions." ***Id. See Foster v. Yazoo & Miss. Valley R.R.***, 72 Miss. 886, 18 So. 380 (1895), and ***Arender v. Smith County Hosp.***, 431 So. 2d 491 (Miss. 1983).

¶14. In ***Foster v. Yazoo & Miss. Valley R.R.***, 72 Miss. 886, 889-91,18 So. 380, 381 (1895), a plaintiff brought a claim for the wrongful death of his father and the statute of limitations was raised as a defense. We held that the saving statute did not apply to the wrongful death statute as it was not included in the Code chapter on "limitations of actions." ***Id.***

¶15. Additionally, in ***Arender v. Smith County Hosp.***, 431 So. 2d 491 (Miss. 1983), we unanimously dismissed the assertion that the time limit for bringing a wrongful death action was subject to § 15-1-59. We stated in ***Arender*** that:

> The above statute § 15-1-59 specifically reserves the tolling of the limitation period to those personal actions mentioned within the chapter of which the wrongful death act is not one.
>
> . . . .
>
> The statute of limitations does not look to the character of the plaintiff, but to the nature of the action. This is not so as to a savings clause. It contemplates the person, and not the action. The claim to exemption is against the current of the law, and not co-extensive with its effective provisions. In case of doubt, therefore, the presumption is against the one claiming the exemption. The savings of the statute are not to be as liberally construed as its effective provisions, because they are designed to put an end to strife and litigation, and tend to the security of all men.

***Arender***, 431 So. 2d at 492-94 (citations omitted).

¶16. In ***Clifton v. Landry***, Civ. A. No.1996 WL 755730, at *2 (S.D. Miss. 1996)(Pickering, J.), the federal district court was presented with the issue before us and followed ***Cole*** and ***Arender*** in correctly concluding that the plaintiffs' argument that the savings clause of § 15-1-59 tolled the running of the one-year statute of limitations prescribed in § 11-46-11 was clearly contrary to Mississippi law.

¶17. In the present case, Marcum filed her complaint on January 2, 1997. This was approximately one (1) year and nine (9) months after her cause of action allegedly accrued on April 3, 1995. Therefore, the date of filing surpassed the MTCA's mandated one (1) year statute of limitations by nine (9) months.

¶18. We hold that § 11-46-11's one (1) year statute of limitations is not tolled by § 15-1-59's minor savings clause. The MTCA clearly mandates that a one (1) year statute of limitations be applied to any actions brought under the Act. Additionally, § 15-1-59's minor savings clause only applies to actions within that chapter and not to the MTCA. Therefore, the Circuit Court of Hancock County's judgment should be affirmed.

## II. THE CIRCUIT JUDGE ERRED AS A MATTER OF LAW IN DISMISSING MARCUM'S CAUSE OF ACTION.

¶19. As discussed above, Marcum filed her lawsuit one (1) year and nine (9) months after her cause of action allegedly accrued. The lower court properly applied the one (1) year statute of limitations contained in § 11-46-11 of the MTCA, which superseded the minor savings clause of § 15-1-59, and dismissed Marcum's lawsuit. As a result, we hold that the learned trial judge correctly applied the law and properly dismissed this case. This issue is without merit.

### III. THE MISSISSIPPI TORT CLAIMS ACT IS UNCONSTITUTIONAL AS IT VIOLATES THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION AND DISCRIMINATES AGAINST THE INDIVIDUALS IN THE STATE OF MISSISSIPPI.

### IV. SECTION 11-46-11 IS UNCONSTITUTIONAL AS IT VIOLATES THE EQUAL PROTECTION RIGHTS OF MINORS.

¶20. Marcum argues for the first time on appeal that the MTCA violates the equal protection clause of the Fourteenth amendment to the United States Constitution and discriminates against individuals in Mississippi including minors. In *Ellis v. Ellis*, 651 So. 2d 1068 (Miss. 1995), we reaffirmed the well-established principle that, "[T]his Court has also consistently held that errors raised for the first time on appeal will not be considered, especially where constitutional questions are concerned." *Id.* (*citing Patterson v. State*, 594 So. 2d 606, 609 (Miss. 1992);*Contreras v. State*, 445 So. 2d 543, 544 (Miss. 1984); *Smith v. State*, 430 So. 2d 406, 408 (Miss. 1983)). Since these claims were not contemporaneously raised at the trial level, they are procedurally barred and are dismissed.

### CONCLUSION

¶21. The one (1) year statute of limitations found in the MTCA is the exclusive measure of time to be applied to any claim brought under the Act. Additionally, the minor savings provision in § 15-1-59 only addresses those actions listed in that chapter and does not apply to the MTCA. Lastly, the constitutionality of the MTCA was raised for the first time on appeal, and the issue was not preserved by Marcum. Thus, the lower court's dismissal of Marcum's complaint and action due to the expiration of the one (1) year statute of limitations was proper and is affirmed.

¶22. **AFFIRMED**.

**PRATHER, C.J., PITTMAN, P.J., BANKS, SMITH AND COBB, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J. WALLER, J., JOINS IN PART.**

McRAE, JUSTICE, DISSENTING:

¶23. It long has been ingrained in our law that minors' rights are to be protected. In particular, any statutes of limitation are tolled until a minor reaches the age of majority. Accordingly, I disagree with the majority's conclusion that the minor's claim for damages against the Hancock County School District is precluded by the one-year statute of limitations provided for under the Tort Claims Act. That one-year statute does not begin to run until a minor reaches his twenty-first birthday.

¶24. Miss. Code Ann. § 15-1-59 (1995) specifically provides a savings clause for minors, tolling the applicable statutes of limitation until the child reaches the age of majority:

> 15-1-59. Saving in favor of persons under disabilities.
>
> If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, *be under the disability of infancy* or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law. However, the saving in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.

Pursuant to Miss. Code Ann. § 1-3-27 (1998), "[t]he term 'minor,' when used in any statute, shall include any person, male or female, under twenty-one years of age."

¶25. This Court has held that where a minor holds a legal right, the statute of limitations does not begin to run until the disability of minority is removed. *See, e.g., **Lawler v. Government Employees Ins. Co.,*** 569 So. 2d 1151, 1153 (Miss. 1990)(UM claim against insurer for injuries suffered by seventeen-year old preserved by savings clause of § 15-1-59 because statute of limitations did not begin to run until her twenty-first birthday); ***Wilson v. Wilson***, 464 So. 2d 496, 498-99 (Miss. 1985)(tolling the statute of limitations on child's right to collect delin quent child support from a parent until that child reaches the age of majority). The child's legal rights are preserved, through the savings clause, even when the parent's cause of action is lost because of some deficiency in his claim. ***See Taylor v. General Motors Corp.***, 717 So. 2d 747, 750 (Miss. 1998)(child's claim preserved until he reaches the age of majority pursuant to § 15-1-59 even though father's action dismissed for failure to follow court rules). This Court's own rules allow an extension of time for taking an appeal from a trial court ruling when a minor is a party, allowing a two-year extension from the entry of judgment when the plaintiff is a minor or the defendant is a minor for whom a guardian ad litem has been appointed. M.R.A.P. 4(f).

¶26. A child suffering under the disability of minority cannot bring suit in his own name. Rather, suit generally is brought on behalf of a minor by a parent, next friend or guardian. *See* Miss. R. Civ. P. 17(c). Where no adult steps forth to protect the child's interests, the tolling of the statute of limitations serves to keep the cause of action alive until the disability of minority is removed and he can act on his own behalf to seek redress for the injuries he suffered as a child. Depriving minors of the protection of the savings clause when the minor is injured by a governmental tortfeasor will, in effect, mean that a minor who has no one to bring suit on his behalf will be deprived of redress for his injuries.[2]

¶27. This Court has explained the disability of minority as follows:

> **Infants and persons of unsound mind are disabled under the law to act for themselves. Long ago it became the established rule for the court of chancery to act as the superior guardian for all persons under such disability.** This inherent and traditional power and protective duty is made complete and irrefragable by the provisions of our present state constitution. It is not competent for the Legislature to abate the said powers and duties or for the said court to omit or neglect them. **It is the inescapable duty of the said court and of the chancellor to act with constant care and solicitude towards the preservation and protection of the rights of infants and persons non compos mentis.** The court will take nothing as confessed against them; will make for them every valuable election; will rescue them from faithless guardians, designing strangers, and even from

unnatural parents, and in general will and must take all necessary steps to conserve and protect the best interest of these wards of the court. The court will not and cannot permit the rights of an infant to be prejudiced by any waiver, or omission or neglect or design of a guardian, or of any other person, so far as within the power of the court to prevent or correct. All persons who deal with guardians or with courts in respect to the rights of infants are charged with the knowledge of the above principles, and act to the contrary thereof at their peril.

*Mississippi State Bar Ass'n v. Moyo*, 525 So.2d 1289, 1293 (Miss. 1988) (citation omitted) (emphasis added) (*quoting Union Chevrolet Co. v. Arrington*, 162 Miss. 816, 826-27, 138 So. 593, 595 (1932)). Because minors need protection, this Court treats a minor as disabled in a fashion equal to the disability of those suffering from unsound mind.

¶28. The majority opinion has the effect of distinguishing between children who are injured at the hands of a private tortfeasor and those injured by a governmental actor. The latter are divested of all protections accorded minors by our law. This is inconsistent with the equal protection provisions of our United States and Mississippi Constitutions as well as with our common law and statutory mandates to protect the rights of children. The one-year statute of limitations specified by the Torts Claims Act should not begin to run against a minor until he reaches his twenty-first birthday.

¶29. Accordingly, I am compelled to dissent.

**SULLIVAN, P.J., JOINS THIS OPINION. WALLER, J., JOINS THIS OPINION IN PART.**

1. We note that § 11-46-11 was amended , effective upon passage, in the 1999 session of the Mississippi legislature by H.B. 778, 1999 Miss. Laws Ch._469, which was signed by the Governor on March 25, 1999. The amendment clarifies the notice of claim requirement and has no application in this case.

2. It may well be unconstitutional to deprive a minor with no parent or guardian the right to sue a governmental tortfeasor. Article 3, Section 24 of the Mississippi Constitution of 1890 provides that all courts shall be open and "every person for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay." No distinction is made between private and public tortfeasors.