# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1998-CA-01256-SCT

### *ELLA MAE HAYS, AS MOTHER AND NEXT BEST FRIEND OF KAWANZA HAYS, A MINOR*

### *v.*

### *LAFAYETTE COUNTY SCHOOL DISTRICT AND JOHN DOE*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/17/1998 |
| TRIAL JUDGE: | HON. R. KENNETH COLEMAN |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LAWRENCE J. HAKIM |
| ATTORNEY FOR APPELLEES: | DAVID D. O'DONNELL |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 12/09/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/30/99 |

## EN BANC.

## MILLS, JUSTICE, FOR THE COURT:

¶1. This case arose out of a negligence action brought against the Lafayette County School District and "John Doe" for injuries allegedly sustained on March 30, 1994, by Kawanza Hays, a student who was riding on a Lafayette County school bus. Hays complained that she suffered injuries when the bus driver, suddenly and without warning, accelerated the school bus before Hays could take a seat.

¶2. Hays, then a minor, filed suit against the District by and through her mother, Ella Mae Hays. The complaint was filed in the Circuit Court of Lafayette County, Mississippi, on September 6, 1996, approximately two (2) years and six (6) months after the alleged accident. In response, the District filed a motion to dismiss pursuant to M.R.C.P. 12(b)(6). The District argued that the suit against it was barred by the one (1) year statute of limitations contained in the Mississippi Tort Claims Act found in Miss.Code Ann. §§ 11-46-1 to -23 et seq. (Supp.1999) (hereinafter "MTCA"), which governs claims brought against the State of Mississippi and its political subdivisions. Hays asserted that the statute of limitations was tolled due to her disability of infancy as prescribed by the minor savings clause of Miss.Code Ann. § 15-1-59 (1995).

¶3. On July 20, 1998, the circuit court granted the District's motion to dismiss holding that the lawsuit was barred by the one (1) year statute of limitations. It is from that order that Hays appeals to this Court. The following issues are pertinent to this appeal:

## ISSUES

**I. WHETHER THE CIRCUIT COURT COMMITTED REVERSIBLE ERROR AS A MATTER OF LAW AND FACT WHEN IT GRANTED THE DISTRICT'S MOTION TO DISMISS.**

**II. WHETHER THE CIRCUIT COURT ABUSED ITS DISCRETION IN GRANTING THE DISTRICT'S MOTION TO DISMISS.**

## FACTS

¶4. Hays was a student of the Lafayette County School District on March 30, 1994, when she boarded a District school bus. Hays claims that she was attempting to find a seat when the bus driver, suddenly and without warning, "took off", causing Hays to fall and injure herself. At the time of the accident and when the complaint was filed, Hays was a minor.

¶5. Due to the continued infancy of Hays, her mother brought a negligence action on her behalf on September 6, 1996, to recover damages during the alleged accident. The District filed a motion to dismiss arguing that the applicable one (1) year statute of limitations had expired. Hays countered that the statute of limitations was tolled due to her disability of infancy.

¶6. The circuit court granted the District's motion to dismiss, holding that the statute of limitations contained in Miss.Code Ann. §11-46-11 superseded the infancy tolling provision in Miss.Code Ann. §15-1-59. From that ruling, Hays brings her appeal before this Court.

## DISCUSSION

**I. WHETHER THE CIRCUIT COURT COMMITTED REVERSIBLE ERROR AS A MATTER OF LAW AND FACT WHEN IT GRANTED THE DISTRICT'S MOTION TO DISMISS.**

¶7. Most of the issues set forth by Hays as reasons for reversal can be considered together, as the crux of her argument is that the Mississippi Tort Claims Act's one (1) year statute of limitations expressed in Miss.Code Ann. § 11-46-11 (Supp.1999), is tolled by the "minor savings clause" of Miss.Code Ann. § 15-1-59 (1995), until the minor achieves majority status. This is not a case of first impression, as our Court has very recently considered the exact same issue of law under virtually identical facts. *See, e.g.*, *Reaves ex rel. Rouse v. Randall*, 729 So.2d 1237 (Miss.1999); *State v. Dampeer*, No. 97-IA-00275-SCT, 1999 WL 418804 (Miss. June 24, 1999); *Marcum v. Hancock County Sch.Dist*, 741 So.2d 234 (Miss. 1999). Both parties agree that this claim is subject to the MTCA as the District is a political subdivision of the State of Mississippi.

¶8. Political subdivisions enjoy immunity for specific claims within a definite period of time, placing a substantial limitation on the amount of damages that can be recovered. See Miss.Code Ann. §§ 11-46-1 to -23 (Supp.1998). In the *City of Jackson v. Lumpkin*, 697 So.2d 1179,1181 (Miss.1997)(*overruled on other grounds*), *Carr v. Town of Shubuta*, 733 So.2d 261, 263 (Miss.1999), this Court found that "[t]he Legislature elected to waive sovereign immunity to a large extent in the Tort Claims Act statutes, but it saw fit to qualify this waiver with a number of procedural requirements which, it is logical to conclude, must be complied with for this waiver to take effect."

¶9. The Legislature contemplated the procedural limitation of a one (1) year statute of limitations under the

MTCA as set forth in § 11-46-11, which reads in relevant part:

> (3) All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days. The limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

Miss.Code Ann. § 11-46-11 (Supp.1998).

¶10. In *Marcum,* we understood that the Legislature obviously intended the MTCA's one (1) year statute of limitations to be the controlling measure of time applied to any actions brought under the Act. 1999 WL 353073, *3 (Miss.1999). The statute's use of the word "shall" represents a firm mandate and unambiguously closes the door of interpretation concerning which statutes of limitation applies to the MTCA. *Id*.

¶11. Hays contends that the MCTA's one (1) year statute of limitations is superseded by the minor savings clause of § 15-1-59, which states the following:

> If any person entitled to bring any of the personal actions <u>mentioned</u> shall, at the time at which the cause of action accrued, be under disability of infancy or unsoundness of mind, he may bring the actions <u>within the times in this chapter respectively limited</u>, after his disability shall be removed as provided by law.... Miss.Code Ann. § 15-1-59 (1995). (Emphasis added).

¶12. In *Cole v. State*, 608 So.2d 1313 (Miss.1992), a prison inmate argued that his alleged incompetence tolled the three (3) year statute of limitations under the Mississippi Uniform Post-Conviction Collateral Relief Act. This Court held that "[t]he savings clause in § 15-1-59 applies only to actions mentioned in Chapter 1, Title 15 of the Mississippi Code...." *Cole*, 608 So.2d at 1316. This Court has clearly held so on at least three occasions. *See, e.g.*, *Foster v. Yazoo & Miss. Valley R.R.*, 72 Miss. 886, 18 So. 380 (1895); *Wolcott v. Wolcott*, 184 So.2d 381 (Miss.1966); *Arender v. Smith County Hosp.*, 431 So.2d 491 (Miss.1983).

¶13. In *Foster v. Yazoo & Miss. Valley R.R.*, 72 Miss. 886, 889-91, 18 So. 380, 381 (1895), a plaintiff brought a wrongful death claim for his father, and the statute of limitations was raised as a defense. We held that the saving statute did not apply to the wrongful death statute as it was not included in the Code chapter on "limitations of actions." *Id*. Also, in *Wolcott v. Wolcott*, 184 So.2d 381, 382 (Miss.1966), a widow sued for the right to renounce her husband's will, and the statute of limitations was raised as a defense. We held that the general saving statute for those under a disability does not apply to the statute allowing renunciation as the general savings statute was contained in a separate chapter on limitations of actions. *Id*. Additionally, in *Arender v. Smith County Hosp.*, 431 So.2d 491, 492-94 (Miss.1983), we unanimously

dismissed the assertion that the time limit for bringing a wrongful death action was subject to § 15-1-59, holding that:

> The above statute § 15-1-59 specifically reserves the tolling of the limitation period to those personal actions mentioned within the chapter of which the wrongful death act is not one. The statute of limitations does not look to the character of the plaintiff, but to the nature of the action. This is not so as to a savings clause. It contemplates the person, and not the action. The claim to exemption is against the current of the law, and is not co-extensive with its effective provisions. In case of doubt, therefore, the presumption is against the one claiming the exemption. The savings of the statute are not to be as liberally construed as its effective provisions, because they are designed to put an end to strife and litigation, and tend to the security of all men.

¶14. In both *Arender* and *Cole*, we emphasized that where a statute or Act does not provide for a savings clause, the courts are without the right to engraft such an exception to the limitations period. *Arender*, 431 So.2d at 493; *Cole*, 608 So.2d at 1318. That is within the exclusive province of the Legislature. *Id.* In ***Chamberlin v. City of Hernando****, 716 So.2d 596 (Miss.1998),* Justice Pittman noted that the MTCA, under § 11-46-11, directs that all actions against political subdivisions shall be filed within one year of accrual and that the only way the statute allows the extension of the one year statute is to file the required notice of claim. *Id.*, at 601.

¶15. The principles of law set forth in the above cases were applied to the MTCA context by the United States District Court of the Southern District of Mississippi in the case of *Clifton v. Landry*, 1996 WL 755730 (S.D. Miss.1996). In that case, the parents of a minor student of the Hattiesburg Public School District brought a negligence suit against the district for injuries allegedly sustained as a result of the negligent conduct of school district employees. The school district moved to dismiss the action on the grounds that the statute of limitations barred the claim because the action was filed beyond the one year limitations period set forth in the MTCA. Considering plaintiff's argument that the minor status of the student served to "toll" the limitations period pursuant to § 15-1-59, the district court stated:

> Plaintiff's argument that the savings clause of § 15-1-59 applies is also clearly contrary to the law of Mississippi. Section 11-46-11 contains the only statute of limitations which is applicable to actions under the MTCA. Clearly there is no question about this. See **Cole v. State**, 608 So.2d 1313 (Miss.1992); and **Arender v. Smith County Hospital**, 431 So.2d 491 (Miss.1983).

*Clifton v. Landry*, 1996 WL 755730, *2 (S.D. Miss. 1996).

¶16. While Hays is unable to present this Court with sufficient authority for tolling the MTCA's one (1) year statute of limitations under the savings clause of § 15-1-59, some further discussion behind the reasoning of that statute is in order. "The purpose of the savings statute is to protect the legal rights of those who are unable to assert their own rights due to disability." ***Rockwell v. Preferred Risk Mut. Ins. Co.****, 710 So.2d 388, 391 (Miss.1998)* Discussing child support in *Wilson v. Wilson*, 464 So.2d 496, 499 (Miss.1985), we held, "To allow the statute of limitations to run during the disability of the minor, the very period through which the minor needs and is entitled to the support of his parents, would defy reason." We have previously held that the one (1) year statute of limitations in the Mississippi Tort Claims Act does not begin to run until the reasonable discovery of the negligence in latent injury cases. ***Barnes v. Singing River Hosp. Sys.****, 733 So.2d 199, 205 (Miss.1999).*

¶17. The facts giving rise to conclusions of law in the above cases are distinguishable from the case *sub judice*. The savings clause of § 15-1-59 does apply to a wide range of actions within that chapter, which shows the careful considerations of the Legislature in carving out exceptions under that Act and others. This logic is understandable with regard to discovery of negligence in latent injury cases, where a physical manifestation of injury may be delayed. But the reasoning behind a specific statute of limitations for the MTCA reflects the Legislature's intent to limit waiver of sovereign immunity under Miss.Code Ann. § 11-46-5 (Supp.1999), which sets the maximum limit of potential recovery by a plaintiff over a gradual time span. The statement of law cited above in *Rockwell* is correct, but over-broad in the context of the Hays case. The savings clause contemplates the person rather than the action, while a statute of limitations looks to the nature of the claim rather than the person. *Arender*, 431 So.2d at 494. Moreover, this case examines an alleged injury by Hays which was immediate rather than latent.

¶18. In the present case, Hays filed her complaint on September 6, 1996, which was approximately two (2) years and six(6) months after her cause of action allegedly accrued on March 30, 1994. Although Hays asserts that her attorney contacted the superintendent of the District and then the insurance carrier, there is no indication from the record that a notice of claim was properly filed to extend the one (1) year statute of limitations. And even if a proper notice of claim had been filed, the extra ninety-five (95) days would not have been enough time to save the instant case, as the complaint was filed almost two and a half years after the accident. *State v. Dampeer*, No. 97-IA-00275-SCT, 1999 WL 418804, *2 (Miss. June 24, 1999).

¶19. The MTCA clearly mandates that a one (1) year statute of limitations be applied to actions brought under the Act. *Marcum*, 1999 WL 353072, *4 (Miss.1999). Additionally, § 15-1-59's minor savings clause only applies to periods of limitation within that chapter and not to the MTCA. *Id*. Consistent with recent case law, the one (1) year statute of limitations in § 11-46-11 is not tolled by the minor savings clause in § 15-1-59.

## II. WHETHER THE CIRCUIT COURT ABUSED ITS DISCRETION IN GRANTING THE DISTRICT'S MOTION TO DISMISS.

¶20. In granting the motion to dismiss under M.R.C.P. 12(b)(6), the circuit court deemed the allegations of the complaint as true, but determined that the dismissal was appropriate because it appeared beyond doubt that Hays would not be able to prove "any set of facts in support of her claim." *Butler v. Board of Supervisors*, 659 So.2d 578, 581 (Miss.1985); *Overstreet v. Merlos*, 570 So.2d 1196, 1197 (Miss.1990). A motion to dismiss under Rule 12(b)(6) essentially raises an issue of law. *Tucker v. Hinds County*, 558 So.2d 869, 872 (Miss.1990). Accordingly, in examining the propriety of the circuit court's dismissal of this action pursuant to Rule 12(b)(6), this Court engages in a de novo review of the record in determining whether the dismissal was correct as a matter of Mississippi law.

¶21. The facts of this case are not in dispute. Although Hays argues that her counsel contacted the superintendent of the District and then attempted to obtain the identity of the District's insurance carrier, there is nothing in the record before this Court that shows Hays timely filed suit. In any event, proper notice would have added only 95 days to the one year deadline. Hays was allegedly injured when she boarded a District school bus and fell when the bus accelerated before she could find a seat. It is undisputed that Hays was a minor at the time of the accident and at the time of the complaint. The circuit court properly considered the facts set forth in the light most favorable to Hays, but the facts, however unfortunate, did not warrant a trial on the merits.

## CONCLUSION

¶22. The one (1) year statute of limitations of the Mississippi Tort Claims Act set forth in Miss.Code Ann. § 11-46-11 (Supp.1999) is not tolled by the minors' savings clause in Miss.Code Ann. § 15-1-59 (1995). The MTCA clearly mandates that a one (1) year statute of limitations be exclusively applied to any actions brought under the Act. The minors' savings clause in Miss.Code Ann. § 15-1-59 only applies to periods of limitation within that chapter of the Code and not to the MTCA. The judgment of the Circuit Court of Lafayette County is, therefore, affirmed.

¶23. **AFFIRMED**.

**PRATHER, C.J., PITTMAN, P.JJ., BANKS AND SMITH, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., AND WALLER, J. COBB, J., NOT PARTICIPATING.**

**McRAE, JUSTICE, DISSENTING:**

¶24. Once again the majority forces the rights of minors to take a backseat to the protection of this State. Is it not the State's job to protect its children, instead of using the might of its sword and guarding against them?

¶25. This Court has repeatedly based its decisions in cases involving minors by asking the familiar question "what is in the best interests of the child."[1]Today the majority ignores that question and instead focuses on the best interests of the State.

¶26. The State through passing laws has declared that a child suffering under the disability of minority cannot even bring suit in his own name. Rather, suit generally is brought on behalf of a minor by a parent, next friend or guardian. See Miss. R. Civ. P. 17(c). To hold that a minor must file suit when he is barred from doing so, much less one under the obscure state tort claims act, is simply ludicrous. In Mississippi minors[2] are not considered competent jurors (§ 13-5-1), cannot purchase alcohol (§ 67-3-70) and cannot enter into valid contracts (§ 15-3-11). The savings clause should apply.

¶27. Miss.Code Ann. § 15-1-59 (1995) specifically provides a savings clause for minors, tolling the applicable statutes of limitation until the child reaches the age of majority.

> If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law. However, the saving in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.

¶28. Because minors need protection, this Court treats them as disabled in a fashion equal to the disability of those suffering from unsound mind. We sanction those who willfully contribute to their delinquency, Miss. Code Ann. § 43-23-25, and alter the names of minors in court proceedings to protect their anonymity. *Amacker v. State*, 676 So.2d 909 (Miss. 1996).

¶29. We have been explicit in our intent to protect minors holding that the disabilities of infancy are in fact personal privileges conferred on infants by law, and as such they constitute limitations on the legal capacity of infants, not to defeat their rights, but to shield and protect them from the acts of their own improvidence as well as from acts of others. *Mississippi State Bar Ass'n v. Moyo*, 525 So.2d 1289, 1293 (Miss.1988) .

¶30. Where no adult steps forth to protect the child's interests, the tolling of the statute of limitations serves to keep the cause of action alive until the disability of minority is removed, and he can act on his own behalf to seek redress for the injuries he suffered as a child. Depriving minors of the protection of the savings clause when the minor is injured by a governmental tortfeasor will, in effect, mean that a minor who has no one to bring suit on his behalf will be deprived of redress for his injuries. There is something wrong when the State imposes a disability on a minor and precludes him from filing a lawsuit and then turns around and imposes a one year statute of limitation on the minor's claim.

¶31. I recognize the majority has previously held a statute of repose on minors when the government is the tortfeasor. We were wrong then, and we are wrong now. Two wrongs certainly do not make a right in this situation.

¶32. **"Our children should be our first priority. Where a choice must be made, it is our children, not our State, who should be safeguarded by our laws."** *Pickens v. Donaldson*, No. 98-CA-00757-SCT, 1999 WL 741050, at *8 (Miss. Sept. 23, 1999)(Sullivan, P.J., specially concurring)(emphasis added). The Constitution says that where there is a wrong there is a redress. The Constitution applies to everyone in this state. . .including minors. It should be equally applied to both its citizens and the State. There is something wrong when the government makes laws to protect itself from its citizens. I was always taught that the government was the people (citizens).

¶33. Therefore, I dissent.

## SULLIVAN, P.J., AND WALLER, J., JOIN THIS OPINION.

1. *Clark v. Clark*, 739 So.2d 440 (Miss. 1999); *Albright v. Albright*, 437 So.2d 1003, 1005 (Miss.1983).

2. Pursuant to Miss. Code Ann. § 1-3-27 the term "minor," when used in any statute, shall include any person, male or female, under twenty-one years of age.