913 So.2d 394 (2005)
Danny R. ANDERSON and Judy B. Anderson, as the personal representatives of Holly Michelle Anderson, Deceased; Danny R. Anderson and Judy B. Anderson, individually and as the adult next friends of Joey Anderson, a Minor; and Heather Anderson Pearson, Appellants
v.
R & D FOODS, INC., A Mississippi Corporation, Appellee.
No. 2003-CA-00746-COA.
Court of Appeals of Mississippi.
April 26, 2005.
*395 Ray T. Price, John D. Smallwood, Hattiesburg, attorneys for appellants.
Robert Atkinson, Margaret McArthur, Gulfport, attorneys for appellee.
Before LEE, P.J., MYERS and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. Danny R. Anderson and Judy B. Anderson commenced a wrongful death action against the estate of Lewis Trevor Speed and other defendants for the death of their daughter. Approximately one year after the expiration of the statute of limitations, they filed an amended complaint substituting R & D Foods, Inc. for a fictitious party. The trial court granted R & D's motion to dismiss, and the Andersons appeal.
*396 ¶ 2. The Andersons' principal issue on appeal is whether the minor's savings statute of Mississippi Code Annotated section 15-1-59 (Rev.2003) tolled the general statute of limitations which otherwise barred the Andersons' wrongful death suit against R & D. Pursuant to Curry v. Turner, 832 So.2d 508 (Miss.2002), we find that the minor's savings statute did not toll the limitations period and, therefore, the trial court properly dismissed the Andersons' amended complaint against R & D. We find the Andersons' other appellate issues to be without merit.

FACTS
¶ 3. On October 21, 1999, the Andersons filed a complaint in the Circuit Court of Lamar County for the wrongful death of their daughter, Holly Michelle Anderson. The Andersons proceeded as the personal representatives of Holly Anderson and as the next friends of their other children, Joey Anderson and Heather Anderson Pearson. The complaint alleged that, on November 26, 1996, Holly was a passenger in a vehicle driven by Lewis Trevor Speed. Speed was intoxicated and lost control of the vehicle, which left the roadway and crashed, killing both Holly and Speed. The Andersons asserted negligence claims against Speed's estate, his mother, and his grandparents. The Andersons also asserted negligence claims against JFM, Inc. for selling Speed, a minor, the alcoholic beverages which he had consumed before driving. The complaint named John Does Numbers One through Five as potential additional defendants whose identities might be learned during the course of discovery. On November 24, 1999, the Andersons filed an amended complaint against the same defendants.
¶ 4. On November 3, 2000, the Andersons moved to file a second amended complaint substituting R & D for John Doe Number One pursuant to Mississippi Rule of Civil Procedure 9(h). The Andersons averred that, during discovery, they learned that R & D's convenience store negligently sold Speed some of the alcoholic beverages that he had consumed before the deadly car accident. The trial court granted the motion to amend and the Andersons filed the second amended complaint on November 15, 2000. R & D moved to dismiss the complaint against it as time-barred under the three year statute of limitations applicable to negligence actions. Miss.Code Ann. § 15-1-49 (Rev. 2003).
¶ 5. At various times, Speed's estate, his mother, and his grandparents were dismissed after settlement. JFM, Inc. was also dismissed. On August 14, 2001, the trial court denied R & D's motion to dismiss. The court held that the complaint against R & D did not relate back to the date of the original complaint because the Andersons had failed to exercise reasonable diligence in ascertaining R & D's identity and could have identified R & D without resorting to formal discovery procedures. See Doe v. Miss. Blood Servs., Inc. 704 So.2d 1016, 1019 (¶¶ 13-14) (Miss. 1997). However, the court found that the amended complaint was not untimely because, despite the fact that a wrongful death suit had been filed on the minors' behalf, the minor's savings statute tolled the three year statute of limitations until the youngest minor wrongful death beneficiary reached the age of majority. R & D petitioned for an interlocutory appeal, which was denied by the supreme court.
¶ 6. On December 12, 2002, the supreme court decided the case of Curry v. Turner, 832 So.2d 508, 517(¶ 21) (Miss.2002), which held that the minor's savings statute did not toll the statute of limitations because the mother of the minor wrongful death beneficiaries could have and did commence *397 a wrongful death action on their behalf. On January 31, 2003, R & D filed a motion for the trial court to reconsider its earlier ruling based on Curry. The court granted the motion and entered a final judgment dismissing R & D with prejudice. The Andersons appeal.

STANDARD OF REVIEW
¶ 7. The lower court's grant of a motion to dismiss based upon the statute of limitations presents a question of law to which this Court applies de novo review. Jackpot Miss. Riverboat, Inc. v. Smith, 874 So.2d 959, 960(¶ 4) (Miss.2004).

LAW AND ANALYSIS
¶ 8. We have restructured the Andersons' appellate arguments. The Andersons' primary argument is that the amended complaint was timely because the prescriptive period was tolled until the minor beneficiaries, Joey Anderson and Heather Anderson Pearson, attained the age of majority. The Andersons do not attack the lower court's finding that their substitution of R & D did not relate back to the original complaint under Mississippi Rules of Civil Procedure 9(h) and 15(c)(2). Therefore, if the prescriptive period was not tolled by the minor's savings statute, we must affirm the dismissal of the Anderson's amended complaint against R & D as untimely.
¶ 9. A cause of action for wrongful death accrues on the date of death. Gentry v. Wallace, 606 So.2d 1117, 1119 (Miss.1992). Since the Andersons asserted negligence claims, they had three years from the date of Holly's death in which to file suit. Miss.Code Ann. § 15-1-49 (Rev. 2003). The Andersons filed their amended complaint against R & D approximately one year after the expiration of the three year period. The Andersons argue that the amendment was timely because the limitations period was tolled by the minor's savings statute. That statute provides, in pertinent part:
If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law.
Miss.Code Ann. § 15-1-59 (Rev.2003). The disability of infancy is removed when a person attains the age of twenty-one years. Lawler v. Gov't Employees Ins. Co., 569 So.2d 1151, 1153 (Miss.1990). The savings statute applies to actions for wrongful death. Thiroux ex rel. Cruz v. Austin ex rel. Arceneaux, 749 So.2d 1040, 1041(¶ 3) (Miss.1999).
¶ 10. Thiroux reversed the court's earlier holding in Arender v. Smith County Hospital, 431 So.2d 491, 493 (Miss.1983). Arender held that the savings statute did not apply to wrongful death cases. Arender, 431 So.2d at 493. The Thiroux court found that Arender had erroneously relied upon an antiquated version of the wrongful death statute for its holding and, consequently, had reached the wrong result. Thiroux, 749 So.2d at 1041(¶ 3). Thiroux established that the savings statute definitely applies to wrongful death cases. Id. However, Thiroux failed to address dicta in Arender in which the court assumed arguendo that the minor's savings statute applied to wrongful death cases and stated, "there being but a single cause of action [for wrongful death], such savings would operate in [the minors'] favor only when there was no person in esse ... who had the right to file suit during the [limitations period]." Arender, 431 So.2d at 493.
¶ 11. The Arender dicta recognized that, under the wrongful death statute, *398 there can be but one suit for the same death. Id.; Miss.Code Ann. 11-7-13 (Rev. 2004). The statute reads, in part:
The action for ... damages [for the death] may be brought in the name of the personal representative of the deceased person or unborn quick child for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child or unborn quick child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or by a brother for the death of a brother, or all persons interested may join in the suit, and there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on its merits.
Id. The statute provides for the recovery of all the wrongful death beneficiaries in a single lawsuit. Id. Thus, when any person statutorily entitled to do so files a wrongful death action, that action "ensue[s] for the benefit" of all parties entitled to recover for the death. Id. Under this scheme, though a minor beneficiary would be disabled from instigating the "one suit" due to infancy, a personal representative of the deceased or an adult beneficiary could recover on behalf of the minor during the minor's disability. Therefore, the Arender court reasoned, the existence of a personal representative or adult beneficiary qualified to sue on behalf of all would commence the running of the statute of limitations for the "one suit," even as to minor beneficiaries. Arender, 431 So.2d at 493.
¶ 12. In its order denying R & D's motion to dismiss, the trial court found that, after Thiroux, the viability of Arender's reasoning was in doubt. The court observed that, while Thiroux held that the minor's savings statute applied to a wrongful death action, the Thiroux court had not commented on whether the savings statute would toll the statute of limitations even when an adult existed who could sue on behalf of interested minors. The court found that, because Thiroux held that the minor's savings statute applied to wrongful death suits, the savings statute tolled the statute of limitations as to the Andersons' minor children. The court further found that, due to the "one suit" requirement, the limitations period would not run against the entire Anderson action until three years after the youngest minor beneficiary reached the age of majority. Therefore, the court held, the Andersons' substitution of R & D Foods was timely.
¶ 13. Months after the trial court's order, the supreme court considered the issue and reached a different result upon similar facts. Curry, 832 So.2d at 517(¶ 21). In Curry, the decedent's wife and the administratrix of his estate commenced a wrongful death suit on behalf of the estate, herself and her minor children. Id. at 509-10(¶ 2). After the statute of limitations had run, the trial court granted Curry the right to amend her complaint to name additional defendants. Id. Later, the court dismissed the new defendants with prejudice due to the running of the statute of limitations. Id. The supreme court held that Curry's amended complaint did not relate back to the date of the original filing. Id. at 514(¶ 13). Curry argued that the amendment was timely when made because the minor's savings statute tolled the running of the statute of limitations until the minor beneficiaries reached the age of majority. Id. at 514(¶ 15).
*399 ¶ 14. The court observed that the wrongful death statute clearly provides for one suit for the benefit of all entitled to recover for the death. Id. at (¶ 20). The court found the wrongful death statute and the minor's savings statute to be "at irreconcilable odds" with one another when there existed someone qualified under the wrongful death statute to bring suit during the applicable limitations period. Id. at (¶ 21). The court reasoned that it would be inconsistent with the "one suit" requirement for a qualified person to sue for the death within the limitations period and for the minor beneficiaries to bring a second suit upon reaching majority. Id. at 516(¶ 19). Moreover, under the wrongful death statute, a personal representative or other qualified beneficiary may assert the minors' rights of recovery during the minors' disability. Id. at (¶ 20). The existence of a person qualified to sue on behalf of all negates the need for a savings. Id. at (¶ 21). Since Curry not only was a qualified person in esse but actually had commenced a wrongful death suit on behalf of her children, the court held that the minor's savings statute did not toll the running of the statute of limitations as to Curry's lawsuit. Id.
¶ 15. Applying Curry to the instant case, the trial court held that the statute of limitations had not been tolled as to the Andersons' lawsuit and, therefore, the Andersons' substitution of R & D was untimely. This was certainly the correct result. The Andersons were qualified to sue on behalf of their minor children and other wrongful death beneficiaries during the limitations period and, therefore, the statute of limitations was not tolled. In fact, as in Curry, the Andersons actually asserted the minors' rights to recovery by filing their wrongful death suit within the limitations period. Since the Andersons' amended complaint against R & D was filed after the running of the three year limitations period and did not relate back to the original complaint, the Andersons' substitution of R & D was untimely.
¶ 16. We now address the Andersons' several untenable arguments that the trial court's grant of R & D's motion to reconsider was procedurally improper. Most of these arguments are efforts to persuade this Court to reinstate the trial court's original order refusing to dismiss R & D. Firstly, the Andersons argue that the trial court erroneously granted R & D's motion to reconsider because the motion, as a procedural vehicle, either (1) was not provided for by the Mississippi Rules of Civil Procedure, or (2) was an untimely Rule 59(e) motion to alter or amend the judgment. In fact, R & D's motion to reconsider was an application to the court for an order pursuant to Rule 7(b)(1). This issue is without merit.
¶ 17. Secondly, the Andersons complain that the trial court erroneously allowed R & D to delay trial of this matter to the Andersons' prejudice by granting R & D's motion for certification of an interlocutory appeal. A motion for certification of an interlocutory appeal is available to litigants under the Mississippi Rules of Appellate Procedure. M.R.A.P. 5(a). The trial court stayed the proceedings against R & D pending the outcome of the appeal. M.R.A.P. 5(e). The Andersons argue that they were prejudiced by the delay because, in the interim, the supreme court handed down Curry. A favorable legal determination is the object of every petition for an interlocutory appeal. The Andersons cannot viably argue that the possibility that the law could change during the pendency of a petition for an interlocutory appeal should bar the use of the interlocutory appeal petition as a mechanism for seeking relief. This issue is without merit.
*400 ¶ 18. Thirdly, the Andersons argue that the supreme court's denial of R & D's petition for an interlocutory appeal rendered the trial court's original order "the law of the case." According to the law of the case doctrine, "whatever is once established as the controlling legal rule of decision, between the same parties in the same case, continues to be the law of the case, as long as there is a similarity of facts." Mauck v. Columbus Hotel Co., 741 So.2d 259, 266-67(¶ 22) (Miss.1999). Thus, a mandate issued by an appellate court binds the trial court on remand, unless an exception to the doctrine applies. Pub. Employees' Ret. Sys. v. Freeman, 868 So.2d 327, 330(¶ 10) (Miss.2004). The Andersons contend that the supreme court's refusal to hear R & D's interlocutory appeal was a legal determination that the trial court's resolution of the tolling issue was correct. In fact, an appellate court's refusal to entertain an appeal has no precedential effect whatsoever. 20 Am. Jur.2d Courts § 152 (1995). Therefore, the supreme court's denial of R & D's petition for an interlocutory appeal did not solidify the trial court's original decision as the law of the case.
¶ 19. Next, the Andersons argue that the trial court erroneously applied the Curry decision retroactively. Actually, the trial court's application of the rule announced in Curry to the Andersons' pending case against R & D was proper. "[N]ewly enunciated rules of law are applied retroactively to cases that are pending trial or that are on appeal and not final at the time of the enunciation." Thompson v. City of Vicksburg, 813 So.2d 717, 721(¶ 16) (Miss.2002). This issue is without merit.
¶ 20. Finally, the Andersons argue that the trial court's original order was res judicata and collaterally estopped R & D from relitigating the tolling issue in the motion to reconsider. A final judgment on the merits is an elementary requirement for the application of the doctrines of res judicata and collateral estoppel. Vaughn v. Monticello Ins. Co., 838 So.2d 983, 986(¶ 16) (Miss.Ct.App.2001). The trial court's original order was interlocutory and left the Andersons' case against R & D pending in the trial court. See id. at 720(¶ 8). It was not a final appealable judgment. M.R.C.P. 54(a). These issues are without merit.
¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.