MYERS, J.,
for the Court.
¶ 1. This case presents the issue of whether the minor’s savings statute of Mississippi Code Annotated section 15 — 1— 59 (Rev.2003) tolled the general statute of limitations that barred the filing of a wrongful death suit by the Andersons against R & D Foods, Inc. Finding that we have previously decided this issue, we affirm the Circuit Court of Forrest County’s dismissal of this action.
STATEMENT OF THE FACTS
¶ 2. This case presents the same facts surrounding a wrongful death action as those before this Court in Anderson v. R & D Foods, Inc., 913 So.2d 394, (Miss.Ct.App.2005), along with the issue decided in that case, the application of the minor’s savings clause. Miss.Code Ann. § 15-1-59 (Rev.2003). The parties in the current case and the previous case are the same except a guardianship was established for the minor, Joey Anderson, in the current case. Additionally, the case at bar was filed in the Circuit Court of Forrest County while the previous case was filed in the Circuit Court of Lamar County.
*284 ¶ 3. During the pendency of the Lamar County action a guardianship was established for Joey Anderson in Forrest County to settle the minor’s claims, when a settlement was reached with all the defendants except R & D Foods, Inc. and John Does 2-5 (collectively R & D). Danny R. Anderson and Judy B. Anderson, Joey’s parents, were appointed as guardians. The Forrest County Chancery Court judge ordered the Andersons to dismiss the wrongful death claim in Lamar County against R & D and refile the action in Forrest County. The Andersons filed their motion to voluntarily dismiss their second amended complaint in Lamar County and filed their original complaint in Forrest County the same day. Without dismissing the case pursuant to the Andersons’ motion, the Lamar County Circuit Court dismissed the suit on R & D’s motion to dismiss based the Mississippi Supreme Court ruling in Curry v. Turner, 832 So.2d 508 (Miss.2002). Our previous decision addressed the appeal from that dismissal.
¶ 4. Following the filing of the Andersons’ complaint in Forrest County, R & D filed a motion to dismiss in the Circuit Court of Forrest County, which, upon hearing, that court granted. This appeal followed raising one issue:
DID THE TRIAL COURT ERR IN FINDING THAT THE COMPLAINT WAS BARRED BY THE STATUTE OF LIMITATIONS?
STANDARD OF REVIEW
¶ 5. The lower court’s grant of a motion to dismiss based upon the statute of limitations presents a question of law to which this Court applies de novo review. Jackpot Miss. Riverboat, Inc. v. Smith, 874 So.2d 959, 960(¶ 4) (Miss.2004).
LAW AND CONCLUSION
¶ 6. In this appeal the Andersons ask this Court to consider the dicta in Curry, rule that the minor’s savings clause applies to the ease at bar, and that the dismissal of the case was improper. We do not agree. The issue of the application of the Curry decision and the minor’s savings clause has already been decided by this court in Anderson v. R & D Foods, Inc. We addressed the application of the minor’s savings clause to the facts of this case in our previous decision and concluded that the case was barred by the statute of limitations. Our opinion does not change because a guardianship has been established and the venue has changed. The Andersons in their brief admit that all the parties in the case at bar are the same as the parties in the Lamar County case. The only differences between this case and the previous case are the establishment of a guardianship over the minor, Joey Anderson, and a change of venue from Lamar County to Forrest County. Finding that we have already addressed this issue in a previous opinion, we affirm the circuit court’s dismissal.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.