United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 22, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 03-60161
_____

ANTHONY CHARLES BULLEY, INDIVIDUALLY
AND AS NATURAL FATHER, NEXT FRIEND
AND GUARDIAN OF THE PERSON AND ESTATE
OF ANTWAN BULLEY,

                                        Plaintiff-Appellant,

versus

TOASTMASTER, INC.; DEFENDANTS A - G,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(USDC No. 02-CV-00255)
_____

Before DAVIS, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

       Plaintiff-Appellant, Anthony Bulley ("Bulley") appeals the decision of the district court which

granted Defendant-Appellee, Toastmaster Inc.'s ("Toastmaster") motion for summary judgment

dismissing Bulley's claims on behalf of himself and his son Antwan Bulley ("Antwan") for the

wrongful deaths of Bulley's wife and Antwan's natural mother, and Bulley's stepdaughter and

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not
precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Antwan's half-sister, that resulted from a fire allegedly caused by a defective Toastmaster product. We affirm the district court's decision and decline to certify the issues raised on this appeal.

## DISCUSSION

I.      Statement of facts

On January 10, 1999, a fire destroyed the home of Bulley and his wife Gaida Bulley ("Gaida"). Gaida and her minor daughter Kiara Hubbs ("Kiara") died in the fire. Kelvin Hubbs ("Kelvin") and Antwan survived the fire. Kelvin is the son of Gaida and the brother of Kiara. Antwan is the son of Bulley and Gaida, and the half-brother of Kiara and Kelvin.

Bulley was advised, after an inspection of the fire scene by Roger Owens ("Owens"), an expert witness retained by Bulley, that the cause of the fire was an electrical malfunction of a space heater manufactured by Arvin Industries, Inc. ("Arvin"). On February 1, 1999, Bulley filed suit against Arvin. Around June, 1999, during discovery, representatives of Arvin inspected the space heater and provided Owens with information that it had been manufactured not by Arvin, but by Toastmaster, Inc, ("Toastmaster"). Subsequent to Arvin's filing a motion for summary judgment dismissal on October 12, 2000, Bulley filed a motion for voluntary dismissal, which the district court denied. On February 5, 2001, Arvin and Bulley agreed to a voluntary dismissal with prejudice.

Almost a year later, on February 1, 2002 Bulley filed suit against Toastmaster, naming it as the manufacturer of the allegedly defective heater. On October, 8, 2002, Toastmaster filed a motion for summary judgment, claiming that Bulley's claims were barred by the statute of limitations.

The district court held that Bulley's claims were barred by the statute of limitations because neither of the Mississippi savings statutes, Miss. Code Ann. § 15-1-69 ("§ 15-1-69") nor Miss. Code

2

Ann. § 15-1-59 ("§ 15-1-59"), was applicable, and therefore granted Toastmaster summary judgment dismissing Bulley's claims. Bulley now appeals this decision.

II.     Jurisdiction

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(d) and 28 U.S.C. § 1291. In re Topco, Inc., 894 F.2d 727, 734 (5th Cir. 1990).

III.     Standard of Review

This Court reviews a district court's grant of summary judgment *de novo*. Am. States Ins. Co. v. Synod of the Russian Orthodox Church Outside of Russia, 335 F.3d 493 (5th Cir. 2003). Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); Tango Transp. v. Healthcare Fin. Servs. LLC, 322 F.3d 888, 890 (5th Cir. 2003). A genuine issue of material fact exists if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party. Id. Questions of law are reviewed *de novo*. Id. The plain language of Rule 56 (c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986).

IV.     Law and Analysis

The district court initially noted that the parties agreed that Bulley's action was governed by the three-year statute of limitations pursuant to Miss. Code Ann. § 15-1-49. Because Bulley did not file the suit against Toastmaster until February 1, 2002, more than three years after the January 10,

3

1999 fire, the district court stated that his claim was outside the statute of limitations.

Miss. Code. Ann. § 15-1-69

The issue of whether a plaintiff, who timely sues the wrong party initially, subsequently voluntarily dismisses with prejudice that party, and then refiles his suit against the proper party after the statute of limitations has expired, can utilize § 15-1-69 to toll the running of the statute of limitations is a matter of first impression for this Court. The district court rejected Bulley's assertion that the one-year savings period under Miss. Code Ann. § 15-1-69 ("§ 15-1-69") applied here to toll the running of the three-year statute of limitations.[1] The district court relied on established Mississippi Supreme Court and Fifth Circuit law in finding that the circumstances of Bulley's voluntary dismissal against Arvin and subsequent suit against Toastmaster did not fall within the scope of § 15-1-69 because his initial action had not (1) been abated, avoided, or defeated by the death of any party to the action; (2) been abated, avoided, or defeated for any "matter of form," such as for lack of jurisdiction; and (3) resulted in a verdict for him, nor a reversal thereof. See, Ryan v. Wardlaw, 382 So. 2d 1078 (Miss. 1980) and Lowry v. International Broth. of Boilermakers, Iron Ship Builders and Helpers of America, 220 F.2d 546 (5th Cir. 1955) (§ 15-1-69 generally provides a one-year savings period for refiling actions which have been abated, avoided, or defeated for

---

[1] § 15-1-69 provides:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, or if, after verdict for the plaintiff, the judgment shall be arrested, or if a judgment for the plaintiff shall be reversed on appeal, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, or after reversal of the judgment therein, and his executor or administrator may, in case of the plaintiff's death, commence new action, within the said year.

4

reasons of form, such as lack of jurisdiction).

Finding no error in the district court's analysis of this issue we affirm its resolution.

Good Faith/Misnomer of Party

Bulley also argues that he proceeded initially against Arvin in good faith based upon the advice and recommendation of his expert witness, Owen, that his subsequent dismissal of Arvin was as a result of a misnomer of party, and therefore § 15-1-69 worked to give him one-year from the voluntary dismissal of February 5, 2001 to refile his suit against Toastmaster.

The district court found that Bulley's failure to bring his initial suit against the correct party here was neither the result of good faith nor a misnomer of party.

The district court relied on the Mississippi Supreme Court's holding in W.T. Raleigh Co. v. Barnes, 109 So. 8 (Miss. 1926), in determining that Bulley failed to show good faith in not bringing suit against Toastmaster until after the statute of limitations had run. Bulley, the district court noted, simply sued the wrong defendant initially, and the record was devoid of evidence indicating any connection between Arvin and Toastmaster. Additionally, the district court noted that Bulley knew as early as June, 1999, that Arvin had not manufactured the heater in question and that Bulley had admitted that he knew that Toastmaster had manufactured the heater sometime prior to entering into the voluntary dismissal with Arvin. Finally, the district court concluded, Bulley had until January 10, 2002 to file suit against Toastmaster and failed to do so, therefore requiring that his suit against it be dismissed.

A good faith intent for invoking the savings statute "involves a finding of fact by the trial court, which must be accepted if supported by substantial evidence." Wertz v. Ingalls Shipbuilding, Inc., 790 So.2d 841, 845 (Miss. App. 2000) citing Herring Gas Co. v. Whiddon, 616 So.2d 892, 893

(Miss. 1993).

The district court fully considered Bulley's claim of good faith, and its finding of a lack of such was based on substantial evidence. Having reviewed the record we agree with the district court's resolution of this issue.

Furthermore, this Court's holdings in Honeycutt v. Long, 861 F.2d 1346, 1349, 1351 (5th Cir. 1988), and Montalvo v. Tower Life Building, 426 F.2d 1135, 1146-47, 1151 (5th Cir. 1970) have established that a misnomer of party situation exists only where the named defendant and the correct defendant are connected in some way, such as sharing the same general counsel or office space. Bulley has not argued, nor can he show, that Arvin and Toastmaster are connected in anyway. We therefore also agree with the district court that Bulley's initial suit against the wrong party, Arvin, was not a misnomer of party entitling him to an extended period of time beyond the statute of limitations to file suit against Toastmaster.

Miss. Code. Ann. § 15-1-59

The district court rejected Bulley's assertion that the one-year savings period under Miss. Code Ann. § 15-1-59 applied to toll the statute of limitations for his minor son Antwan's wrongful death suits because it found that Bulley was available to protect Antwan's rights,[2] thus precluding the applicability of this savings statute.

The district court, relying on Curry v. Turner, 2002 WL 31829166 (Miss. 2002) and Arender

_____

[2] § 15-1-59 provides:

> If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law.

v. Smith County Hosp., 431 So.2d 491, 493-94 (Miss. 1983), concluded that as long as there is a responsible party who is acting or could act on behalf of a minor child, a person *in esse*, the statute of limitations will run from the time the cause of action accrues, and § 15-1-59 will not apply. The district court held that because Mississippi's wrongful death statute, Miss Code Ann. § 11-7-13,[3] clearly provided that Bulley could bring a suit on Antwan's behalf, a person *in esse* exists thus precluding the application of § 15-1-59 to save Antwan's suits for the wrongful deaths of both Gaida and Kiara.

We conclude that the district court did not err in resolving this issue.

Issue Certification/Mississippi Rule of Appellate Procedure 46

Bulley finally argues that if this Court finds that Mississippi law is unsettled, vague or ambiguous on the issues presented in this case, then he requests that this Court seek certification on the issues to the Mississippi Supreme Court pursuant to M.R.A.P. 46. (citing Walters v. Inexco Oil Company, 670 F.2d 476, 477 n.2 (5th Cir. 1982); Government Employees Insurance Company v. Brown, 675 F.2d 645 (5th Cir. 1982)).

However, certification is appropriate only when Mississippi precedents as to the issues to be resolved are insufficiently clear, and the certification procedure may be the only means of allowing

---

[3] Miss Code Ann. § 11-7-13 provides in pertinent part:

> The action for such damages may be brought in the name of the personal representative of the deceased person for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in the suit, and there shall be but one (1) suit for the same death which shall ensue for the benefit of all parties concerned, but the determination of such suit shall not bar another action unless it be decided on the merits.

7

the Mississippi Supreme Court to authoritatively establish the rule of law. <u>Brown</u>, 675 F.2d at 646.

The district court's resolution of the issues in this case was based on clearly established Mississippi Supreme Court precedent, and therefore no vagueness or ambiguity exists in the settled principles of law that were applied by the district court.

Therefore, because Mississippi law is neither unsettled, vague or ambiguous, we DENY Bulley's request for certification of these issues.

### **CONCLUSION**

Because the district court did not err in finding that neither § 15-1-69 nor § 15-1-59 applied in this case, and that Bulley failed to show that his delay in bringing suit against the correct party, Toastmaster, was in good faith, we AFFIRM the district court's grant of summary judgment to Toastmaster dismissing Bulley's claims. Furthermore, because the Mississippi law as to these issues is well settled and unambiguous, Bulley's request for certification is DENIED.