# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-IA-01874-SCT

*PIONEER COMMUNITY HOSPITAL OF*
*NEWTON AND DR. BERNARD BOKA*

*v.*

*TYTEANNA D. ROBERTS, INDIVIDUALLY, AND*
*ON BEHALF OF ALL WRONGFUL DEATH*
*BENEFICIARIES OF TINA ROBERTS,*
*DECEASED*


| | |
|---|---|
| DATE OF JUDGMENT: | 11/30/2015 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| TRIAL COURT ATTORNEYS: | GAYE NELL CURRIE |
| | ALAN D. LANCASTER |
| COURT FROM WHICH APPEALED: | NEWTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | GAYE NELL CURRIE |
| ATTORNEYS FOR APPELLEES: | ALAN D. LANCASTER |
| | JONATHAN RYAN TAYLOR |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | AFFIRMED AND REMANDED - 03/23/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE DICKINSON, P.J., KITCHENS AND MAXWELL, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1.     The case before us involves timeliness of a wrongful-death action and the interplay

between the wrongful-death statute[1] and the minors savings clause.[2]  In 1999, this Court held

---

[1] Miss. Code Ann. § 11-7-13 (Supp. 2016).

[2] Miss. Code Ann. § 15-1-59 (Rev. 2012).

"[t]here is no question now that the savings clause, set out in [Section] 15-1-59 of the Mississippi Code, applies to a wrongful death action" brought under Section 11-7-13 of the Mississippi Code. *Thiroux ex rel. Cruz v. Austin ex rel. Arceneaux*, 749 So. 2d 1040, 1041 (Miss. 1999). But just three years later, this Court found reason not to apply the minors savings clause to the wrongful-death action filed in *Curry v. Turner*, 832 So. 2d 508, 517 (Miss. 2002). Instead, this Court found the two statutes to be "at irreconcilable odds with one another where there exists a person qualified under the wrongful death statute to bring suit."

¶2.     In the present wrongful-death lawsuit, the defendants rely on *Curry* to claim the action is time-barred. They argue the minors savings clause did not apply because the minor beneficiaries had a maternal aunt who was "qualified under the statute to bring suit." While this may be so, we find there is a material distinction between *Curry* and the case now before us. In *Curry*, not only was the minor beneficiaries' mother qualified to bring suit, but she also in fact filed a wrongful-death action. Thus, under Section 11-7-13's "one-suit" requirement, this Court found the minor beneficiaries could not rely on the application of the minors savings clause to file what essentially would be a second wrongful-death action.

¶3.     But here, by contrast, the minor beneficiaries' aunt never filed a wrongful-death action, though Section 11-7-13 authorized her to do so as the deceased's sister. Instead, the first and only suit filed was by the deceased's children. For this reason, to the extent *Curry* held that the *mere existence* of someone qualified to bring a wrongful-death suit created an irreconcilable conflict between Section 11-7-13 and Section 15-1-59 and precluded the

2

application of the latter statute, we explicitly overrule this part of our holding. Instead, we hold that only when someone who is qualified to bring a wrongful-death suit *actually files a wrongful-death suit* on the minor beneficiaries' behalf will the minors savings clause not apply, because, once the suit is filed, the running of the statute of limitations is immaterial.[3]

¶4.    With that premise in mind, we find the minors savings statute clearly applied in this case. Under that statute, the deceased's oldest child had two years from when she reached the age of majority to file a wrongful-death suit based on medical negligence. Because she timely filed within this two-year period, we affirm the denial of the defendants' motion for summary judgment and remand this case for further proceedings.

### Background Facts and Procedural History

### I.    Tina's Death

¶5.    Tina Roberts died on July 23, 2010, shortly after being discharged from the emergency room at Pioneer Community Hospital of Newton (Pioneer Hospital). When Tina died, she was unmarried with two minor children—sixteen-year-old Tyteanna (born July 30, 1993) and nine-year-old Breanna (born October 29, 2001).

### II.    Attempted Guardianships

¶6.    A little more than two years later, on July 31, 2012, a lawyer claiming to "represent the surviving minor children of Tina Roberts" filed a notice-of-claim letter against Pioneer Community Hospital and emergency-room physician Dr. Bernard Boka. In this letter,

---

[3] That is not to say, however, that the minors savings clause disappears. Should the suit be dismissed for reasons other than on the merits, the minor's right to refile the suit remains protected by the savings clause.

counsel informed the potential defendants, "we are in the process of establishing guardianships for the minor children of Tina Roberts, deceased. Their maternal aunt, Theresa Ellis will be serving as their guardian[.]"

¶7. The next week, August 9, 2012, Tina's sister Ellis filed two petitions for guardianship, one for Tyteanna and one for Breanna.[4] In both petitions, Ellis requested "that she be authorized to make a claim for and make settlement (upon further approval of this Court) for damages against any and all persons who may be liable as a result of the death of Tina Roberts[.]"

¶8. On August 29, 2012, the chancery court entered a judgment appointing Ellis guardian of Tyteanna. As part of its judgment, the chancery court expressly "authorized [Ellis] to prosecute a civil action on behalf of said minor against any and all persons who may be liable as a result of the death of Tina Roberts." But according to the court's later order, after eight months, "no oath [had] been filed and no letters of guardianship [had] been entered." So on May 5, 2013, the chancery court dismissed Ellis's guardianship action. No judgment was ever entered appointing Ellis guardian of Breanna. This guardianship action also was dismissed on May 5, 2013, for Ellis's failure to take any further action.

### III. Tyteanna's Wrongful-Death Suit

¶9. Tyteanna turned twenty-one the following year, on July 30, 2014. In December 2014, she sent notice-of-claim letters to Pioneer Hospital and Dr. Boka, on behalf of herself and

---

[4] That same day, Ellis also filed a petition for letters of administration over Tina's estate. But according to Tyteanna, no letters of administration were ever issued. And there is no evidence in the record that contradicts this assertion.

4

her younger sister, Breanna. Six months later, on May 4, 2015, she filed a complaint in the Newton County Circuit Court against Pioneer Hospital and Dr. Boka on her own behalf and as representative of Tina's wrongful-death beneficiaries.

¶10. Simultaneously with their answer, the hospital and doctor moved to dismiss or, alternatively, for summary judgment. They acknowledged that, since Tina's daughters were minors when Tina died, the applicable two-year statute of limitations[5] had been tolled by the minors savings clause. *See* Miss. Code Ann. § 15-1-59 (tolling the applicable statute of limitations for any claimant "under the disability of infancy" when the cause of action accrued until "after his disability shall be removed"). But they still claimed the wrongful-death suit was time-barred, even though Tyteanna had reached the age of majority less than two years ago.

¶11. According to them, the applicable two-year statute of limitations was not tolled until Tyteanna turned twenty-one. Rather, it had begun to run as early as July 31, 2012—when her aunt Ellis's attorney sent a notice-of-claim letter—and at the latest on October 29, 2012—when the order was entered appointing Ellis guardian of Tyteanna. At that point, they argued, Ellis became a "person *in esse*" acting on Tyteanna and Breanna's behalf, just like the mother and administratrix in **Curry**. *See* **Curry**, 832 So. 2d at 515. Thus, they reasoned,

---

[5] For wrongful-death actions, the statute of limitations for the alleged cause of death applies—in this case medical negligence. *See* **Jenkins v. Pensacola Health Trust, Inc.**, 933 So. 2d 923, 926 (Miss. 2006), *as modified by* **Saul ex rel. Heirs of Cook v. S. Cent. Reg'l Med. Ctr., Inc.**, 25 So. 3d 1037 (Miss. 2010). Mississippi Code Section 15-1-36 (Rev. 2012) provides a two-year statute of limitations for medical-negligence claims.

Ellis's actions stopped the operation of Section 15-1-59. And because no complaint was filed within two years of October 29, 2012, the wrongful-death suit was untimely.

¶12. The circuit court disagreed and denied the motion for summary judgment.

### IV. Interlocutory Appeal

¶13. Pioneer Hospital and Dr. Boka immediately petitioned this Court for interlocutory appeal, which we granted. On appeal, Pioneer and Dr. Boka argue that, since Ellis was qualified to file a wrongful-death action within two years of Tina's death, the minors savings clause did not apply.

### Discussion

¶14. We review the denial of a motion for summary judgment de novo, reviewing all the evidence in the light most favorable to the nonmovant, Tyteanna. *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 228 (Miss. 2005). We will reverse the order denying summary judgment only if the evidence shows there are no genuine issues of material fact and that the defendants are entitled to a judgment as a matter of law. *Id.*; *see also* M.R.C.P. 56(c). Here, as a matter of law, we find the minors savings clause *did* apply, tolling the statute of limitations until Tyteanna turned twenty-one. This makes her action timely.

### I. Section 15-1-59 applies.

¶15. Mississippi Code Section 15-1-59 contains a savings clause for minors[6]—

---

[6] The statute also tolls statutes of limitations from running against those of unsound mind. Miss. Code Ann. § 15-1-59.

> If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy . . . , he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law.

¶16. In *Arender v. Smith County Hospital*, 431 So. 2d 491 (Miss. 1983), we first faced whether Section 15-1-59's tolling provision applied to claims brought under Section 11-7-13, Mississippi's wrongful-death statute. *See* Miss. Code Ann. § 11-7-13. And we determined the minors saving clause would not apply to a wrongful-death action. *Arender*, 431 So. 2d at 493.

¶17. But sixteen years later, in *Thiroux ex rel. Cruz v. Austin ex rel. Arceneaux*, 749 So. 2d 1040, 1041 (Miss. 1999), we acknowledged our error. In *Arender*, we mistakenly relied on an outmoded version of the wrongful-death statute. Looking at the wrongful-death statute in its *current* form, we concluded, "There is no question now that the savings clause, set out in [Section] 15-1-59 of the Mississippi Code, applies to a wrongful death action." *Thiroux*, 749 So. 2d at 1041.

¶18. The decedent in *Thiroux*, like Tina, was survived by two minor children only. While the applicable statute of limitations was only one year, we found the wrongful-death suit brought by the minors' guardian three years after their father's death was timely, due to the operation of the minors savings clause. *Id.* at 1041-42. Applying *Thiroux* to this case would lead to the same result—Tyteanna's wrongful-death suit filed more than two years after her mother's death was timely based on the minors savings clause.

¶19. But three years after *Thiroux*, in *Curry*, we questioned if the minors savings statute should apply in that case. In contrast to *Thiroux*, the deceased in *Curry* was survived not

7

only by his minor children but also by Betty Curry, the deceased's wife and the children's mother. Before the one-year statute of limitations that was running against her passed, Curry filed a wrongful-death action on behalf of the estate and all the wrongful-death beneficiaries, including her minor children. But after the one-year statute had run, she attempted to add additional defendants. While she conceded the statute had run against *her*, she contended it had not run against her minor children.

¶20. This argument forced this Court to consider something not considered in *Thiroux*—how to apply both the minors savings statute and the wrongful-death statute's requirement that there be only one suit. In *Curry*, we compared the two relevant statutes—Section 11-7-13 and Section 15-1-59. And we found that "the plain language of the wrongful death statute § 11-7-13 sets it at odds with the minors savings statute § 15-1-59." *Curry*, 832 So. 2d at 516. This was because "[t]he wrongful death statute requires that only one suit be brought to recover damages for the wrongful death of the deceased." *Id.* "Conceivably," however, "the minors savings statute would allow for two groups of plaintiffs to file suits at two separate times for damages caused by one event: 1) those plaintiffs of majority age and sound mind within the statute of limitations and 2) those plaintiffs protected by the savings statute when their disability is removed or they reach the age of majority." *Id.* To avoid such a result, we found "the wrongful-death statute and minors savings statute are at irreconcilable odds with one another where there exists a person qualified under the wrongful death statute to bring suit." *Id.* at 517.

8

¶21.   Because Curry was not only qualified to bring suit, but in fact had brought suit on her and her minor children's behalf, this Court found the statute of limitations that barred her from amending the wrongful-death complaint also barred her minor children.[7]  *Id.*

¶22.   Pioneer Hospital and Dr. Boka argue, because Ellis is authorized to file a Section 11-7-13 action as Tina's sister, under *Curry*, she is "a person qualified under the wrongful death statute to bring suit."  *Curry*, 832 So. 2d at 517.  And because "there exists a person qualified under the wrongful death statute to bring suit," just as in *Curry*, the minors savings statute should not apply to the wrongful-death action against them.  But this argument essentially renders the minors savings clause inapplicable to *any* wrongful-death action, which is directly contrary to our clear holding that the minors savings clause *does* apply.  *Thiroux*, 749 So. 2d at 1041.  We are hard-pressed to envision a scenario where there would not be at least one interested party of majority age whose mere existence would preclude the application of the minors savings clause. This is because the wrongful-death statute authorizes a broad category of persons to bring an action—the personal representative on behalf of the estate, one of the listed relatives, and "all interested parties."  *Burley v. Douglas*, 26 So. 3d 1013, 1020 (Miss. 2009).

¶23.   Indeed, as we distinguished in *Burley*, who has statutory standing to bring suit is broader than who may recover damages.  *Id.* at 1022.   Thus, while Ellis has statutory

_____

[7] Since *Curry*, both this Court and the Court of Appeals have relied on that case to hold that the minors savings clause did not apply to minors' wrongful-death claims.  *Lee v. Thompson*, 859 So. 2d 981 (Miss. 2003); *Anderson v. R & D Foods, Inc.*, 913 So. 2d 394 (Miss. Ct. App. 2005). *See also Bulley v. Toastmaster, Inc.*, 86 Fed. App'x 6 (5th Cir. 2003) (unreported) (applying *Curry* to hold the minor wrongful-death beneficiary was bound by the same statute of limitations as his father).

standing under Section 11-7-13 to bring suit as Tina's sister, she is statutorily precluded from recovering any damages. Instead, any wrongful-death damages belong exclusively to Tina's two daughters.[8] Miss. Code Ann. § 11-7-13. The defendants essentially ask us to ignore the fact Ellis has no statutory right to recover any wrongful-death benefits and find her mere existence as one with statutory standing precludes application of the minors savings clause. We find this is stretching *Curry* too far.

¶24. To the extent we held in *Curry* that the *mere existence* of a person of majority age with statutory standing to file a wrongful-death suit prevents the application of the minors savings clause, we explicitly overrule this holding. *See Curry*, 832 So. 2d at 517. Instead, we find *Curry* should be limited to its facts—specifically the fact Betty Curry actually had filed suit on behalf of all the wrongful-death beneficiaries. Thus, it was the filing of the suit that triggered the "one-suit" rule and rendered the statute of limitations, and any tolling thereof, irrelevant, so long as the suit was pending. *See Curry*, 832 So. 2d at 516. *See also Lee*, 859 So. 2d at 990 ("[B]ecause of her disability of minority, [the minor beneficiary] was protected under § 15-1-59 until the suit was initially filed in her behalf. That action, however, commenced the running of the applicable statute(s) of limitations concerning subsequently filed suits arising from the same cause of action."); *Anderson*, 913 So. 2d at

---

[8] Under Section 11-7-13, "The action for such [wrongful-death] damages may be brought . . . by a sister for the death of a sister." But because Tina was survived by children, the statute directs "the damages shall be equally distributed to the children." Miss. Code Ann. § 11-7-13. Only "if the deceased has no husband, nor wife, *nor children*," shall "the damages . . . be distributed equally to the father, mother, brothers and sisters, or such of them as the deceased may have living at his or her death." *Id.*

398 ("Thus, when any person statutorily entitled to do so files a wrongful death action, that action ensues for the benefit of all parties entitled to recover for the death.").

¶25. Here, Ellis never filed a wrongful-death suit. Thus, we find *Curry* has no application to this case. Instead, the controlling case is *Thiroux*. And under *Thiroux*, "[t]here is no question . . . that the savings clause, set out in § 15-1-59 of the Mississippi Code, applies to [this] wrongful death action." *Thiroux*, 749 So. 2d at 1041. So just like the deceased's minor children in *Thiroux*, we find Tina's two minor children could rely on the application of the minors savings clause to toll the running of the two-year statute of limitations.

## II. Section 15-1-53 does not apply.

¶26. Alternatively, Pioneer Hospital and Dr. Boka assert that, if the statute of limitations was tolled by Section 15-1-59, such tolling ceased when Ellis took steps to act on her nieces' behalf. According to them, the statute of limitations began to run on one of two dates—(1) July 31, 2012, when her aunt Ellis's attorney sent a notice-of-claim letter; or (2) October 29, 2012, when the order was entered appointing Ellis guardian of Tyteanna.

¶27. The defendants rely on *Johnson ex rel. Johnson v. Blackwood*, 919 So. 2d 1053, 1057 (Miss. Ct. App. 2005), for the contention that the disability of majority is removed when the minor reaches the age of majority *or* when a trustee is authorized to act on behalf of the minor. They argue Ellis was such a "trustee" authorized to act on her nieces' behalf and did in fact act on her nieces' behalf when her attorney sent Pioneer Hospital and Dr. Boka notice-of-suit letters on July 31, 2012. Though they admit Ellis took this action *before*

11

she petitioned to become Tyteanna and Breanna's guardian, they contend this fact "was of no consequence."

¶28. But the fact that Ellis was not her nieces' legally appointed guardian on July 31, 2012, *is* of consequence. In ***Blackwood***, the Court of Appeals relied on a case from this Court, ***U.S. Fidelity & Guaranty. Co. v. Conservatorship of Melson***, 809 So. 2d 647 (Miss. 2002). In ***Melson***, this Court in turn relied on Mississippi Code Section 15-1-53 (Rev. 2012). "[U]nder Miss. Code Ann. § 15-1-53, if a person who is subject to infancy or unsoundness of mind *does in fact have a guardian or conservator appointed for them*, then the action may be brought in the name of that guardian or conservator, without the consideration of any savings clause." ***Melson***, 809 So. 2d at 653-54 (emphasis added). Thus, we reasoned, "[w]here a guardian or conservator has been court appointed for a ward, there is no logical or equitable reason to prevent the running of the statute of limitations inasmuch as that guardian or conservator *is fully authorized* to employ attorneys and bring actions on their behalf." ***Id.*** at 654 (emphasis added) (citing ***McCain v. Memphis Hardwood Flooring Co.***, 725 So. 2d 788 (Miss. 1998)).

¶29. In this case, the defendants concede that when Ellis's attorney sent the notice letters on July 31, 2012, Ellis had been neither appointed guardian nor authorized by the chancery court to bring an action on their behalf. So their argument that the statute of limitations began to run against her minor nieces on July 31, 2012, fails.

¶30. For the same reason, their alternate contention that the statute of limitations began to run on October 29, 2012, when the order was entered appointing Ellis guardian of Tyteanna,

also fails.  While this order expressly authorized Ellis to bring suit on Tyteanna's behalf, according to the chancery court's later May 5, 2013 order, "no oath ha[d] been filed and no letters of guardianship ha[d] been entered"—resulting in the court's dismissal of Ellis's guardianship petition.  Thus, Tyteanana did not "*in fact* have a guardian . . . appointed for [her]" who had the legal authority to bring a suit on her behalf.  *Melson*, 809 So. 2d at 654 (emphasis added).  So the savings clause remained in operation, despite the October 29, 2012 order.

**Conclusion**

¶31.    Section 15-1-59 tolled the statute of limitations to bring a wrongful-death suit based on Tina's death until her daughter Tyteanna reached the age of majority.  Ellis's mere existence as a person with statutory standing to bring a wrongful-death suit did not prevent Section 15-1-59's application.  Thus, Tyteanna's suit—filed within two years of her turning twenty-one—was timely.  For this reason, we affirm the circuit court's order, which denied Pioneer Hospital and Dr. Boka's statute-of-limitations-based motion for summary judgment.

¶32.    **AFFIRMED AND REMANDED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., KITCHENS, KING, COLEMAN, BEAM AND CHAMBERLIN, JJ., CONCUR.**

13