# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00894-COA

**B.G., A MINOR, BY AND THROUGH HIS NEXT FRIEND AND SPECIAL GUARDIAN MARION E. GRANTHAM JR.**                    APPELLANT

**v.**

**ROB BANKS, BRAD CARVER, JERRY CARVER, LEE TAYLOR, AND CARROLL COUNTY, MISSISSIPPI**                    APPELLEES

| | |
|---|---|
| DATE OF JUDGMENT: | 05/03/2019 |
| TRIAL JUDGE: | HON. GEORGE M. MITCHELL JR. |
| COURT FROM WHICH APPEALED: | CARROLL COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | ANDY TURNER ARANT JR. |
| | PRESTON RAY GARRETT |
| | JESSE MARION McRIGHT III |
| ATTORNEYS FOR APPELLEES: | MARK KEVIN HORAN |
| | DANIEL JUDSON GRIFFITH |
| | BRADLEY DAVID DAIGNEAULT |
| | J. RHEA TANNEHILL JR. |
| | JACOB BYSTROM JORDAN |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 07/28/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., WESTBROOKS AND McDONALD, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     On September 19, 2017, Marion E. Grantham Jr. filed a complaint in the Carroll County Circuit Court. On May 1, 2019, after considering the pleadings and holding a hearing, the trial court dismissed the claims with prejudice. Aggrieved, Grantham appealed.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On November 17, 2013, someone broke into the J. Z. George High School field house in Carroll County, Mississippi. According to the initial incident report generated by Deputy Sheriff Brad Carver, someone stole a four wheeler and did "do-nuts" that damaged the football field. The principal, Joey Carpenter, reviewed surveillance video footage and reported that it showed an individual breaking into the concession stand and using the fire extinguisher to cover up the camera lenses. Upon reviewing the video footage from November 17, 2013, Deputy Carver identified the person as B.G., a minor.

¶3.     Deputy Carver generated a second incident report, where a person named Clay Hebert stated that on November 17, 2013, an individual stole his vehicle from the 4-K convenience store. The vehicle was later found at the J. Z. George High School football field. In addition to damage to the vehicle itself, Hebert stated his book bag, books, and laptop were missing.

¶4.     Law enforcement questioned B.G., who admitted to committing all the acts on the night of November 17, 2013. He was initially released back into the custody of his guardian, Marion E. Grantham Jr.  Based on the investigation and B.G.'s admission, Deputy Rob Banks filed a juvenile arrest report.

¶5.     The Youth Court's intake order, which was based on the Youth Court intake unit's preliminary investigation, reflected that B.G.  allegedly committed the following crimes:

> 1) Burglary: Non-Dwelling, Motor Vehicle, Boat in violation of Mississippi Code § 97-17-33(1) (Said child allegedly took a book bag containing a laptop computer from Clay Herbert, which was inside the vehicle he allegedly stole the same date); 2) Motor Vehicle theft, All except unauthorized use in violation of Mississippi Code § 97-17-42. (Said child took 2000 Ford Explorer, belonging to Clay Herbert, which was green in color from the Four

2

K convenience store. The vehicle was damaged and all four tires were damaged.); 3) Malicious Mischief in violation of Mississippi Code § 97-17-67. (Said child drove a four wheeler on the football field of J. Z. George High School, causing damage to the turf by rutting the grass; 4) Motor Vehicle Theft, All except Unauthorized Use in violation of Mississippi Code § 97-17-42. (Said child took a 2006 Honda ATV four wheeler, belonging to Ted Eiland, which was parked at J. Z. George High School.); and 5) Burglary: Business, Commercial Property in violation of Mississippi Code § 97-17-33(1). (Said child burglarized J. Z. George High School concession stand, taking a fire extinguisher and spraying it at the surveillance camera).

¶6. Based upon the investigation and B.G.'s admission, a formal petition was filed by the prosecuting attorney, Lori M. Bell, reflecting the allegations enumerated above. The Youth Court of Carroll County, Mississippi, found probable cause to arrest B.G. The court based the finding of probable cause on (1) the Youth Court investigation; (2) the prosecutor's investigation; and (3) documents relating to B.G.'s actions on November 17, 2013.

¶7. Summonses were issued. Pursuant to an "Order for Transportation and Temporary Detention," Carver and another deputy detained B.G. at his school. No handcuffs were required due to the minor's cooperation. B.G. was detained at the Leflore County, Mississippi Detention Center for four days. He was then released to his guardian.

¶8. On November 20, 2013, the same day the minor was released from detention, the field house was burglarized a second time. The minor was a suspect in those crimes as well. However, no formal petition was ever filed regarding the second set of events. The arrest and detention were based solely on the court documents issued by the youth court pertaining to the events that occurred on November 17, 2013.

¶9. On April 8, 2015, Grantham was appointed as the guardian for B.G. Grantham filed suit on behalf of B.G. on March 31, 2016, in the United States District Court for the Northern

3

District of Mississippi against the Carroll County Sheriff's Department and certain deputies, who were sued in their individual capacities. The claims were based on intentional torts, certain negligent conduct, and violations of the minor's civil rights stemming from his arrest and detainment based on the November 17, 2013 events. On July 10, 2017, the civil-rights claims were dismissed with prejudice, and the remaining state-law claims were dismissed without prejudice.

¶10.   On September 19, 2017, Grantham filed a complaint in the Carroll County Circuit Court. On May 1, 2019, after considering pleadings and holding a hearing, the trial court dismissed all remaining state-court claims with prejudice. Aggrieved, Grantham appealed.

## STANDARD OF REVIEW

¶11.   Regarding a trial court's grant or denial of a motion for summary judgment, appellate courts apply a de novo standard of review. *Harrison v. Chandler-Sampson Ins. Inc.*, 891 So. 2d 224, 228 (¶11) (Miss. 2005) (citing *Satchfield v. R. R. Morrison and Son Inc.*, 872 So. 2d 661, 663 (¶5) (Miss. 2004)).

## DISCUSSION

¶12.   Grantham raises the following issues on appeal: (1) the trial court erred in dismissing the complaint based on a failure to provide notice pursuant to the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. §§ 11-46-1 to -23 (Rev. 2019); (2) the trial court erred in dismissing the complaint based on the running of the applicable statutory limitations; (3) the trial court erred when it failed to consider all the pleadings and affidavits before rendering a judgment; and (4) the trial court erred when it failed to find the existence of a genuine issue

4

of material fact. While a discussion of each and every issue Grantham raises might arrive at the same result, this Court finds the issue concerning the applicable statute of limitations to be dispositive. As such, we will not address the other three issues.[1]

¶13.    Mississippi Code Annotated section 15-1-35 (Rev. 2019) provides the statute of limitations that governs the instant case and reads as follows: "All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after." In addition, we find the minor savings clause pertinent to this analysis, as it states:

> If any person entitled to bring any of the personal actions mentioned shall at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the action within the times in this chapter respectively limited, after his disability shall be removed as provided by law. However, the saving in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.

Miss. Code Ann. §15-1-59 (Rev. 2019).

¶14.    In the instant case, the protection afforded under the minor savings clause were removed upon the appointment of Grantham as the guardian. In *Lee v. Thompson*, 859 So. 2d 981 (Miss. 2003), our Supreme Court affirmed that once the minority is removed, the

---

[1] We acknowledge, given the employment status of the defendants in this case, "[t]he Mississippi Tort Claims Act ("MTCA"), with certain exceptions, makes governmental entities immune from liability for tortious acts and omissions committed by employees acting within the course and scope of their employment." *Davis v. City of Clarksdale*, 18 So. 3d 246, 249 (¶10) (Miss. 2009) (citing *Phillips v. Miss. Dep't of Pub. Safety*, 978 So. 2d 656, 660 (Miss. 2008)). In finding the statute of limitations issue to be dispositive, this Court is in no way finding that the MTCA would not also be applicable to the current facts. The issue concerning the statute of limitations simply resolves all issues without the need for further analysis.

minor is no longer protected and the applicable statutory limitations period is no longer tolled: "Emily was no longer protected by the minor savings clause." *Id*. at 990 (¶21). Further, our Supreme Court stated that because "the amended complaint was filed after the statute of limitations had run, the children's claims, like the estate's and their mother's, are barred by the statute of limitations." *Id*. at 989 (¶20) (quoting *Curry v. Turner*, 832 So. 2d 508 (Miss. 2002), *overruled by Pioneer Cmty. Hosp. of Newton v. Roberts*, 214 So. 3d 259, 265 (¶24) (Miss. 2017)). Once a minor has "a person *in esse*," the person is no longer protected by the minor-savings clause because, for purposes of litigation interests, the person is no longer a minor because someone has stepped into his or her shoes. *Id*. at 989-90 (¶20).

¶15.    Notwithstanding the above arguments, because the federal court declined to exercise supplemental jurisdiction over Grantham's state-law claims, dismissing the claims without prejudice, an argument could be made that the statutory limitations period was tolled until thirty days after the date of that dismissal.  The United States Code provides that state-law claims before a federal court pursuant to that court's supplemental jurisdiction are tolled during the pendency of the federal action and for a period of thirty days after the claims are dismissed. 28 U.S.C. § 1367(d); *see also Boston v. Hartford Acc. & Indem. Co.*, 822 So. 2d 239, 247 (¶¶28-29) (holding plaintiff's state-law claims dismissed without prejudice by the federal court were tolled during pendency of the federal action), *overruled on other grounds by Capital City Ins. Co. v. G.B. "Boots" Smith Corp.*, 880 So. 2d 505, 517 (¶36) (Miss. 2004).[2]

---

[2] The statutory limitations period would be tolled despite the plaintiff's failure to provide pre-suit notice.  In *Price v. Clark*, 21 So. 3d 509, 522 (¶30) (Miss. 2009), the

6

¶16. Further, the Mississippi Supreme Court has held that "a cause dismissed for want of jurisdiction is a cause 'dismissed for matter of form' for purposes of the 'saving statute.'" *Deposit Guar. Nat'l Bank v. Roberts*, 483 So. 2d 348, 353 (Miss. 1986). The "savings statute," Mississippi Code Annotated section 15-1-69 (Rev. 2019), provides:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, *or for any matter of form*, . . . the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit[.]

(Emphasis added). Therefore, Grantham was not barred from asserting the state-law claims he had raised in the federal action (false arrest, false imprisonment, conspiracy, negligent supervision, and failure to implement appropriate policies, customs, and practices) until one year after the federal court's dismissal of those claims.[3]

¶17. Once Grantham was appointed as the guardian over the minor B.G. on April 8, 2015, the tolling of the one-year limitations period stopped. The complaint filed in federal court on March 31, 2016, was timely filed. After its dismissal on July 10, 2017, Grantham waited until September 19, 2017, to file the subject complaint in state court. As such, the subject state-

---

Mississippi Supreme Court held that "a properly served complaint—albeit a complaint that is wanting of proper pre-suit notice—should still serve to toll the statute of limitations until there is a ruling from the trial court."

[3] Two claims raised in the state law action—intentional and negligent infliction of emotional distress—were not brought in the federal action and, as such, would not be tolled. The claim for intentional infliction of emotional distress is barred by the applicable one-year statute of limitation. *See Jones v. Fluor Daniel Servs. Corp.*, 32 So. 3d 417, 423 (¶26) (Miss. 2010) (clarifying that the tort of intentional infliction of emotional distress is "'fairly embodied' in the causes of action included in Mississippi Code [Annotated] [s]ection 15-1-35"). The claim for negligent infliction of emotional distress would still be an actionable claim under a three-year statute of limitations. *See* Miss. Code Ann. § 15-1-49 (Rev. 2012).

court complaint was filed after the applicable one-year limitations period had run and after the thirty-day protections discussed above found in § 1367(d).

¶18.    Even if the complaint was timely filed, with some remaining claims not properly dismissed under the statute-of-limitations argument, the trial court's grant of summary judgment should be affirmed. First, Grantham did not present any proof that he properly filed a pre-suit notice of claim. Section 11-46-11(1)-(2) of the MTCA provides that "any person having a claim under this chapter shall . . . [,] at least ninety (90) days before instituting suit, . . . file a notice of claim with the chief executive officer of the governmental entity" and, with respect to a suit against a county, notice should be made to the chancery clerk and shall "[b]e delivered in person or by registered or certified United States mail[.]" Miss. Code Ann. §11-46-11(1)-(2) (Rev. 2019). "[T]he language of section 11-46-11 mandates strict compliance with the notice requirement." *Dobbs v. City of Columbus*, 285 So. 3d 1219, 1224 (¶17) (Miss. Ct. App. 2019). Thus, Grantham's failure to comply with the statutory notice requirements warrants dismissal of his claims. *See Tallahatchie Gen. Hosp. v. Howe*, 49 So. 3d 86, 93 (¶18) (Miss. 2010) (finding that because the plaintiff failed to provide notice to proper parties and "was and remain[ed] noncompliant with the mandatory provisions of [s]ection 11-46-11(1), the lawsuit should be dismissed"); *Lamb v. Booneville Sch. Dist.*, No. 1:08-cv-254-SA-JAD, 2009 WL 843116, at *2 (N.D. Miss. Mar. 26, 2009) (granting defendant's motion to dismiss the plaintiff's state-law claims because plaintiff failed to file a notice of claim as provided for in section 11-46-11).

¶19.    Additionally, the defendants had immunity with regard to Grantham's claims

originating from B.G.'s arrest. In the motion for summary judgment, the defendants argued that because the youth court entered a detention order for B.G.'s arrest, the issue of immunity was dispositive under section 11-46-9(1)(a) of the MTCA, which provides immunity to a governmental employee for acts "[a]rising out of a legislative or judicial action . . . or administrative action . . . of a legislative or judicial nature[.]" The circuit court agreed, finding that the defendants, county employees, were acting under the authority of a judicial order when they arrested and detained B.G. In *Gatheright v. Barbour*, No. 3:16-cv-00003-GHD-RP, 2017 WL 549110, at *8 (N.D. Miss. Feb. 7, 2017), the United States District Court for the Northern District of Mississippi held that a detective's enforcement of a warrant was "conduct arising out of a judicial action," entitling him to judicial action immunity under section 11-46-9(1)(a); *see also Blake v. Wilson*, 962 So. 2d 705, 712 (¶12) (Miss. 2007) (holding police officer's enforcement of a judicial custody order entitled them to immunity under section 11-46-9(1)(a)).

¶20. The subject complaint was filed after the applicable statutory limitations period. Any remaining claims failed to satisfy the notice requirements of the MTCA. Further, the defendants enjoyed certain immunities as previously discussed. As such, we affirm the decision of the circuit court dismissing the subject complaint.

¶21. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. J. WILSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**